ROBINSON *et al.*, *Appellants*, v. SMITH.

Division Two, July 1, 1892.

**Evidence:** ACCOUNT BOOKS. Bank books containing original entries and shown to have been accurately kept and written up each day are admissible in evidence in favor of the persons by whom they were kept.

*Certified from Kansas City Court of Appeals.*

AFFIRMED.

*Alexander & Richardson* and *Gillihan & Brosius* for appellants.

The appellants assign as error: *First.* That the court erred in excluding the following testimony offered by the plaintiffs: Here the plaintiffs offered the bank books of Robinson & Stevens, consisting of ledger, cash book and balance book, kept in the transaction of their business as bankers, and showing the transaction with defendant, and offered to prove that they were accurately kept, and that, by universal custom, entries were made and the books written up each day from the checks of the customers and tickets of the teller, and that the books were balanced each day to verify their accuracy, which were objected to by the defendant's counsel, which objection was sustained, and said books ruled out as evidence, to which action of the court, in excluding said books, the plaintiffs at the time excepted and still except. *Smith v. Beatly,* 57 Mo. 281; *Shepard v. Bank,* 15 Mo. 143. *Second.* The testimony shows conclusively that plaintiffs were entitled to recover, and that the verdict should have been for the plaintiffs. The only reason there can be given for the verdict as rendered is that it was the result of bias or prejudice on the part of the jury.

*G. A. Chapman* for respondent.

(1)    At the term of court, June term, 1888, when plaintiffs' motion for new trial was overruled, plaintiffs, by agreement of parties, had until next term of court to file bill of exceptions—which next term was the October term, 1888, and commenced October 8, 1888. Plaintiffs should have filed their bill of exceptions before October 8, 1888. The word "until" means "up to" the October term, 1888, but does not include that term. The bill of exceptions was not filed until November 19, 1888, and being filed out of time should be stricken from the record. *City to use v. Allen,* 28 Mo. App. 132; *Duval v. Mastin,* 28 Mo. App. 526; *State v. Hill,* 96 Mo. 357. (2)    The bank books of plaintiffs, to-wit, ledger, cash book, balance book, etc., are not competent evidence, and were properly excluded by the court. *Hensgen v. Mullaly,* 23 Mo. App. 613; *Hissrick v. McPherson,* 20 Mo. 310; *Lord v. Siegel,* 5 Mo. App. 582; *Hanson v. Jones,* 20 Mo. App. 595. (3)    Plaintiff contends in his brief, second assignment of error, that the testimony shows that the plaintiffs should have recovered. The court of appeals will not disturb a verdict merely on the ground that it is against the weight of the evidence, unless it can be seen that the preponderance is so great as to imply some gross partiality or some prejudice or misconduct on the part of the jury. There was abundance of evidence to support a verdict for defendant. That testimony given by defendant himself is sufficient to support a verdict in his favor. 58 Mo. 546; 57 Mo. 146; *McCullough v. McCullough,* 31 Mo. 226; *Baker v. Stonebraker's Adm'r,* 36 Mo. 338.

MACFARLANE, J.—Plaintiffs are bankers and sued the defendants before a justice of the peace for an alleged overdraft of $50.

Robinson v. Smith.

The case was taken by appeal to the circuit court, when upon a trial the defendant recovered judgment, and plaintiffs appealed to the Kansas City court of appeals.

Upon a hearing in that court, SMITH, P. J., wrote an opinion, reversing the judgment of the circuit court, and the appeal was certified to this court, the opinion being deemed in conflict with decisions of the St. Louis court of appeals.

At the trial of the case plaintiffs offered to introduce in evidence their "ledger, cash book and balance book kept in the transaction of their business as bankers, and showing the transaction with the defendant, and offered to prove that they were accurately kept, and that entries were made and the books written up each day from the checks of the customers and tickets of the teller, and that the books were balanced each day to verify their accuracy." These offers were refused and the books excluded. This ruling of the court is the only error assigned here.

Judge SMITH in his opinion says: "Upon the long and well-recognized principle that the book entries, made by a party himself, or by his clerk, in the usual course of his business, being contemporaneous with the fact, and part of the res gestæ, are admissible in evidence, I think the offer of evidence made by plaintiffs should not have been rejected." Since this opinion the whole question has been carefully considered by this court, the decisions in this state reviewed, and in an elaborate opinion by BLACK, J., the same conclusion was reached as that arrived at by the court of appeals. Anchor Milling Co. v. Walsh, 108 Mo. 277.

The court committed error in refusing to admit in evidence the books offered. Judgment of Kansas City court of appeals affirmed. All concur.