Martin v. Nichols.

R. S. MARTIN, Respondent, v. ESTATE OF PARTHENA NICHOLS, *et al.*, Appellants.

Kansas City Court of Appeals, November 6, 1893.

1. **Evidence** ACCOUNT BOOK: DATE OF ENTRY: STATUTE. In an action against an estate on an account, in order for plaintiff to qualify his account book as proper evidence, he must show that the entries were made at the time of the performance of the service, and this is the sense of the statute.

2. **Practice, Appellate:** FINDING OF TRIAL COURT. In this case there is evidence tending to support the finding, and the appellate court will not disturb it on account of the superior means and facilities for arriving at a just conclusion.

3. **Administration:** COSTS. An allowance against an estate was set aside on the affidavit of an heir, under the statute, and the demand was subsequently disallowed, but an appeal was allowed in the circuit court, and the cost taxed against the heir. *Held*, error, as the heir was not a party to the action, and the costs should have been taxed against the estate.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*C. B. Sebastian & Eli Penter*, for appellant.

(1) The evidence in this case shows that the credits were not just, and fails to show that they were placed on this account with the knowledge and consent of Parthena Nichols. The account being barred by the statute of limitations, the book of accounts should have been excluded. *Goddard v. Williamson, Adm'r*, 72 Mo. 131; *Loewer v. Haug*, 20 Mo. App. 163; *Haver, Adm'r, v. Schwyhart*, 39 Mo. App. 303; *Thompson v. Brown*, 50 Mo. App. 314. (2)

The trial court erred in taxing all the costs of the case against W. T. Nichols. *Harrington v. Evans*, 49 Mo. App. 372.

*Ev. M. Bass* and *N. T. Gentry*, for respondent.

(1) The account book was admitted in evidence as is provided by section 8918, of Revised Statutes, 1889. Not only was this book proven to be the account book of and in the hand-writing of respondent by respondent himself, but also by Dr. Abner Martin, who swears positively that it was Dr. R. S. Martin's account book and in his hand-writing. Respondent testified: "Those entries are in my hand-writing, and they were entered at the time they purport to be. This is the book I kept my accounts in, and this is the account as I kept it." In the case of *Anchor Milling Co. v. Walsh*, 108 Mo. 285, city by appellant, Judge BLACK, in delivering the opinion of the court, said account books are admitted in evidence for the person by whom they are kept when the entries are made at the time, or nearly so, of doing the principal fact. *Nelson v. Nelson*, 90 Mo. 463; *Robinson v. Smith*, 111 Mo. 205; Greenleaf on Evidence; Redfield on Evidence, sec. 118; 3 Mo. App. 587; *Kincheloe v. Gorman, Adm'r*, 29 Mo. 421. (2) "To the court or jury belongs the duty of determining for themselves what weight, considering all the circumstances, they will attach to the testimony of the various witnesses on the point in question, and whether or not a witness has been successfully impeached." *Osborne v. Oliver*, 25 Mo. App. 667; *Conrad v. Fisher*, 37 Mo. App. 352; *Nichols v. Nichols*, 39 Mo. App. 291. (3) The trial court, and not the appellate court, judges of the weight to be given to the evidence of the various witnesses, and its findings are binding upon this court. *Irwin v. Wood-*

*mansee*, 104 Mo. 407; *Handlan v. McManus*, 100 Mo. 124; *Warren & Son v. Maloney*, 39 Mo. App. 295. (4) The court committed no error in taxing the costs against W. T. Nichols, the complainant, he was the one who had caused the allowance to be set aside by the judge of probate, and had caused the respondent to appeal to the circuit court. It would not be just to allow him thus to squander the estate's money in litigation which did not interest him, but was done simply to please an outside real estate speculator. By sections 205, 2920, 21 and 22 of Revised Statutes, 1889, the matter of adjudging the costs is left entirely to the discretion of the trial court. "The appellate court will not interfere in the taxation of costs by the trial court, unless there has been an abuse of the discretion." *Redman v. Thomas*, 39 Mo. App. 143; *Griffith v. Jackson*, 45 Mo. App. 169; *Turner v. Johnson*, 95 Mo. 453; *Shields et al. v. Bogliolo*, 7 Mo. 134; *Walton v. Walton*, 19 Mo. 668; *Wilson v. Drumite*, 24 Mo. 304; *Plant Seed Co. v. M. P. & Seed Co.*, 37 Mo. App. 324; *Vineyard v. Lynch*, 86 Mo. 686; *Hannon v. Shotwell*, 55 Mo. 429; *Johnson v. Devlin*, 31 Mo. 427; *Miller v. Muegge*, 27 Mo. App. 670.

ELLISON, J.—This is an action on an account filed in the probate court, amounting to $523.50, for medicine and treatment of Mrs. Parthena Nichols, deceased, by plaintiff, a physician. There are credits amounting to $95.25, leaving a balance of $427.75, for which he asks judgment against the estate of Parthena Nichols. The first item of the account is dated October 11, 1877, and successive charges follow up to August 31, 1882; after this there are no items until October 25, 1889, when there is a charge of $2, and another charge of $1.50, February 4, 1890, both for medical services. The first credit is April 24, 1879, and credits continue until

1882, when they cease and the only other credits are one in October, 1889, of $10 for rails, and another of $10.25 for pasturing sheep, January 1, 1890.

In the probate court judgment was give for plaintiff. This was afterwards set aside on the affidavit of W. T. Nichols, the son and heir of the deceased. A trial was had in the probate court, resulting in a disallowance of the demand. Plaintiff appealed to the circuit court, where the claim was allowed as asked, less $1.50. The court taxed the costs against the son and heir, and he appeals, complaining of the action of the court in both respects.

Plaintiff's account book was offered in evidence, after introductory testimony given by plaintiff, as follows: "*Q.* State whether those entries are in your handwriting or not, and whether they were entered at the time they purport to be?" "*A.* Yes, sir; this is the book I kept my accounts in, and this is the account as I kept it." The proviso to section 8918, Revised Statutes, 1889, which permits plaintiff to testify against the estate of deceased, is as follows: "In actions for the recovery of any sum or balance due on account, and when the matter at issue and on trial, is proper matter of book account, the party living may be a witness in his own favor so far as to prove in whose handwriting his charges are, and when made, and no farther."

The evident intention and object of this statute was to authorize the admission of account books as evidence in a plaintiff's favor, though the other party was dead. But has plaintiff testified to what the statute permits him or privileges him to testify? We think not. In order to render an account book legitimate evidence, the entries must be contemporaneous with the transaction entered. *Nelson v. Nelson,* 90 Mo. 463; 1 Greenleaf on Evidence, sec. 118; *Anchor Milling Co. v. Walsh,* 108 Mo. 285; *Robinson v. Smith,* 111 Mo. 205.

In this way it becomes a part of the *res gestæ*, which latter ground is the base of the rule. The statute which we have quoted was not intended to alter this rule or the reason upon which it rests. So when the statute permits a party himself to qualify his book of entries as evidence in his favor against a deceased, it means that he must show the entries to have been made at the time (or about the time) when the transaction occurred. The language of the statute, "and when made," is used with reference and in regard to *the time of the transaction*. Otherwise, the words, "when made," would be of no substantial use in qualifying the book of entries. For one might sell merchandise of any sort to another, and six months or a year thereafter, enter it in his book, giving the dates of his entry. This would not be contemporaneous, or a part of the *res gestæ*; and yet, it could be truly answered in the language of the plaintiff in this case, that the entry "was made at the time it purported to be." Proof that an entry was made at the time it purports to have been made, is by no means proof that the service was rendered at that time. The plaintiff should have stated, or otherwise shown, that the entries were made at the time of the performance of the services, and this, as before stated, is the sense of the statute. This interpretation of the statute is especially applicable and useful in this case, if credit is to be given to much of defendant's theory of defense. The evident meaning of much of the defense is that the account was irregularly kept; made up at one time and largely manufactured.

Other than the foregoing, we have found no error in the trial except as to taxing costs. The credits were shown to have been directed by the deceased at about the time they were entered. Much of the argument of counsel has been directed to the contention that plaintiff's showing made no case for him. But a careful

examination of all the record has satisfied us that there was evidence tending to support the court's finding and judgment. The rule that the finding of the triers of the facts will not be disturbed, on account of their superior means and facilities for arriving at a just conclusion, could hardly be more aptly applied than to this case.

The court taxed the costs against W. T. Nichols, the son and heir of deceased, on whose application the original allowance in plaintiff's favor was set aside by the probate court as provided by section 213, Revised Statutes, 1889. When the allowance was set aside, that court, upon a trial, disallowed the claim, and the plaintiff appealed. W. T. Nichols does not appear to be a party to the cause at any stage after filing his affidavit to set aside the allowance first made by the probate court, until he makes himself a party to the appeal to this court, by asking a new trial and taking the appeal. It does not appear in the record as presented in the abstract, that he was a party to the trial which was had in either court. The cause is styled against the estate, and in the absence of anything to the contrary, we must suppose the estate defended through the administrator. Under these circumstances, the costs should have been taxed against the estate. See *Harrington v. Evan*, 49 Mo. App. 372.

Judgment reversed and cause remanded. All concur.