COLLINS BROS. DRUG COMPANY, Appellant, v. WILLIAM C. GRADDY, Respondent.

St. Louis Court of Appeals, March 5, 1894.

**Evidence: BOOKS OF ACCOUNT.** Entries in books of account are competent evidence in favor of the party by whom the books are kept, only when they are contemporaneous with the transactions to which they relate, and a part of the *res gestœ*.

*Appeal from the Mississippi Circuit Court.*—HON. H. C. RILEY, Judge.

REVERSED AND REMANDED *(with directions).*

*Randolph & Davidson* and *Abbott & Grant* for appellant.

*J. J. Russell* for respondent.

ROMBAUER, P. J.—The plaintiff is a wholesale druggist in the city of St. Louis, and the defendant a retail druggist in Poplar Bluff, Butler county. Between December 23, 1887, and August 27, 1890, the plaintiff sold and delivered to the defendant, merchandise to an

amount exceeding $3,000. The defendant bought this merchandise on time, and made periodical remittances therefor. In the course of their dealing the defendant accepted four drafts drawn on him by the plaintiff, two for $122.90 each, bearing date on April 1, 1890, and payable respectively in forty-five and seventy-five days after date, and two for $126.04 each, payable respectively in sixty and ninety days after date. The plaintiff, claiming that these acceptances remained unpaid, instituted this suit thereon against the defendant.

The defendant answered admitting the acceptances, but claiming that they were given under a mistake of the true state of the account between himself and the plaintiff at the date when they were given; that, when the defendant gave the acceptances of April 1, he owed the plaintiff only $77.79, which amount he subsequently paid, and that, when he gave to the plaintiff his acceptances of May 13 to the aggregate amount of $252.08, he in fact owed the plaintiff nothing. The answer further claimed that the defendant had overpaid his account by the following items: May 27, 1890, $22.19; June 21, 1890, $25; July 12, 1890, $51.32; August 27, 1890, $50, making an aggregate of $148.51, for which sums the defendant asked judgment by way of counterclaim.

The cause was tried by a jury, who brought in a general verdict for the defendant for $111.49, which verdict ignored the plaintiff's cause of action altogether.

The plaintiff complains that the court erroneously admitted in evidence a copy of the defendant's ledger, when it appeared from his own evidence that the ledger entries, from which such copies were taken, were not original entries made at the time of the transaction, and were in fact corrected subsequently to the institution of the suit. This complaint is well founded. Such entries are admissible only when contemporaneous

as part of the *res gestæ*. *Anchor Milling Co. v. Walsh*, 108 Mo. 277; *Robinson v. Smith*, 111 Mo. 205. The defendant, however, contends that the admission of the copies was not prejudicial, because the plaintiff conceded upon the trial that the defendant was entitled to all credits which he claimed in the copy thus adduced. The difficulty with that argument is that the copy of that account is not in the record, and it nowhere appears whether it contained an account of the debits as well as the credits, and a balance struck. The defendant further contends that he admitted upon the trial all the debits which the plaintiff claimed against the defendant, as shown by its ledger produced on the trial, and hence there was no harm done by the admission of the copy of the defendant's ledger in any view of the case. If the debits and credits of both parties were, as defendant contends, admitted upon the trial, then we can not conceive what there was for the jury to try. The court was bound to take judicial notice of a balance resulting from conceded items, and there was in that view nothing to submit to a jury.

The result of the trial of this cause demonstrates the folly of attempting to try actions involving long accounts before a jury. The parties had dealt with each other upon credit for a period of more than two and a half years. The defendant claimed forty credits running through this period, and varying in amount from thirty-seven cents to $182.51. The plaintiff claimed debits of a large number, although their exact number is not shown by the record. The questions before the jury were as to whether the defendant was indebted to the plaintiff upon the resultant periodical balance of these credit and debit items at the date of the acceptances sued on, and, if so, in what amount, and whether, if indebted, he subsequently paid such indebtedness. The defendant conceded that all the

four acceptances were given by him for goods sold to him by the plaintiff when he gave them, and that his books at that time showed an indebtedness on his part to the full amount of these acceptances. It is true that the defendant claimed that his books were incorrect at the time, but it does not appear by any part of his testimony in what respect they were incorrect, or how the resultant true balance corresponded with the statements of his answer. The acceptances amount in the aggregate to $497.08, and the total payments made by the defendant since their date, according to items furnished by him, amount to $296.32, leaving a balance of over $200 due the plaintiff on the defendant's own showing, provided his own books were correct; and yet the jury find a verdict for the defendant of $114.49 on his counterclaim, ignoring the plaintiff's cause of action altogether. This result is explainable only on this theory. The plaintiff's witness testified as to one resulting balance of an admitted account, and the defendant testified as to another result. The details of the account not being before the jury so as to enable them to make a finding on the plaintiff's claim, they concluded to make no finding on that at all, and to make a finding for the defendant for the extra credits to which he claimed he was entitled.

In regard to the real issues in the case, namely, as to whether at the date of the first acceptances given by plaintiff there was a failure of consideration to the amount of $168, and as to whether at the date of the second acceptances there was an entire failure of consideration, the defendant adduced no evidence whatever, and it is therefore difficult to see how the jury could have made an intelligent finding on the plaintiff's petition.

The judgment is reversed, and the cause remanded with directions to the trial court to order a reference

under the provisions of section 2138 of the Revised Statutes. So ordered. All the judges concur.