MISSOURI TENT AND AWNING COMPANY v. JEROME B. LEGG, Respondent.

St. Louis Court of Appeals, November 20, 1894.

1. **Practice, Appellate:** MATTER OF EXCEPTION. If an entry in a book of account which was rejected as evidence by the trial court is not made a part of the bill of exceptions, this court can not adjudge its legal effect or materiality.

2. ———: BOOK ACCOUNT: NON-PREJUDICIAL ERROR. *Held,* in the course of discussion, that the erroneous rejection of an entry in a book of account is not prejudicial error, when it appears that another like entry was received in evidence, and that both entries rest upon the trustworthiness of the same person.

*Appeal from the St. Louis City Circuit Court.*—Hon.
DANIEL D. FISHER, Judge.

·AFFIRMED.

*Frank M. Estes* for appellant.

*E. W. Bannister* for respondent.

BOND, J.—This action is for the sale and delivery
of "ten set frame covers or tents," alleged to have
been made to defendant for the agreed price of $874.

The answer was a general denial, coupled with a
special defense that the contract sued on was made
between plaintiff and a corporation known as the
"World's Fair Protective and Entertainment Associa-
tion;" and that, in making the same, defendant acted
as president of the J. B. Legg Architectural Com-
pany, which latter corporation was the agent of the
former.

There was evidence tending to prove the allega-
tions of the petition, and also evidence tending to sup-
port the special defense set up in the answer. The
jury returned a verdict for the defendant, from which
plaintiff appealed.

The first assignment of error is predicated upon
the personal liability, for his contract, of the agent of
an undisclosed principal. This rule of law is well
settled, but can not be successfully invoked by appel-
lant, since the evidence in this record is conflicting as
to whether the contract was made with a known prin-
cipal through respondent as agent, or exclusively with
respondent. That issue was fully covered in two
instructions given at appellant's request. The finding
of the jury thereon was supported by substantial evi-
dence, and is not reviewable on appeal.

The second assignment of error is based on the exclusion by the trial court of an entry referring to the sale of the tents, made upon the order book of appellant. Conceding "that an account book of original entries, fair on its face, and shown to have been kept in its usual course of business, is evidence even in favor of the party by whom they are kept" (*Anchor Milling Company v. Walsh*, 108 Mo. 277; *Robinson v. Smith*, 111 Mo. 205; *Seligman v. Rogers*, 113 Mo. 642), still there was no error in the rejection of the order book proffered in evidence by appellant under the circumstances shown in this record. In the first place the entry on the order book is not made a *part of the bill of exceptions*. We, therefore, do not know its *terms*, and can not adjudge its legal effect or materiality. In the next place, even if we *assume* that its terms would disclose a sale to respondent personally, still there was no reversible error in excluding it, since it had already been shown that a similar entry had been made on the ledger book by appellant's credit man, and that, when the order for the goods was approved by him, he had directed the charge to be made against respondent. The admission of the entry on the order book, which it appeared was made by the direction of said credit man, under these circumstances, would have been a mere multiplication of entries resting on the trustworthiness of the same witness. It has accordingly been held that the rejection of such evidence would not justify a reversal. *Seligman v. Rogers*, 113 Mo. 654.

Nor are we able to sustain the objection of appellant to the instructions given for defendant. The instructions were based upon the evidence, embrace the issues on trial, and declare the law correctly upon the facts supposed, and, taken as a whole, are not subject to criticism.

The remaining point urged by appellant is that the judgment is against the evidence. It is sufficient to say as to this that there was a substantial conflict in the evidence. We can not, of course, in actions at law, weigh conflicting evidence on appeal. The judgment herein is, therefore, affirmed. All concur.