## WILLIAM HEALEY *vs.* WELLESLEY AND BOSTON STREET RAILWAY COMPANY.

Suffolk.    March 22, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Evidence — Contradiction of Witness by Entries in Time Book.*

The act of a foreman in turning a time book in to a superintendent as the record of the time worked by the men in his gang amounts to a representation that they have worked the time therein set down, and as such evidence of the entries is admissible to contradict him; and whether the entries were actually made by him or not is immaterial.

TORT, for personal injuries occasioned to the plaintiff while a passenger on one of the defendant company's cars. Trial in the Superior Court, before *Maynard*, J., who allowed a bill of exceptions, in substance as follows.

The accident happened while the plaintiff was going home from work on December 27, 1897. The plaintiff testified that he was an employee in the sewer department of the city of Newton, and that as a result of the accident he was unable to do a full day's work on December 28, 29, 30, and 31, the four days next following the accident, and that on each of these days he worked only six hours.

The plaintiff's father, Michael Healey, was foreman of the gang in which the plaintiff worked, and he testified that on December 28 the plaintiff worked only six hours, and that on none of the succeeding three days was he able to do a full day's work, and that he quit work on each of said days at, or soon after, two o'clock.

The defendant called one Child, who testified that he had been the superintendent of the sewer division of the city of Newton during the years 1897 and 1898, and up to the present time; that the pay roll of employees in the sewer department was made up from time books which had been turned in to him by the foremen; that he had in his possession the time books, which had been turned in to him by Michael Healey, foreman, showing the time worked by the employees in his gang during Decem-

ber, 1897, and up to October, 1898.   There were two books, one of which would be turned in at the end of one week, and the other at the end of the week following.   Child testified that he had supposed up to the morning of the trial that the entries in these books were made by Michael Healey personally, but that he had been informed that morning that the entries were made by another son of Healey.   Child was then asked to testify as to what the books showed with reference to the time the plaintiff worked on December 28, 29, 30, and 31, 1897, respectively.   Counsel for the plaintiff objected.   The objection was overruled, and the testimony was admitted on the ground that it was competent for the purpose of contradicting the testimony of Healey, the judge stating : " Michael Healey testified as to his (the plaintiff) being absent, and he being the foreman and the books being turned in by him, I think it makes it competent."   Child was then permitted to testify as to what the books showed as to the time the plaintiff worked for the city.   It did not appear that Child knew the handwriting in which the entries were made, nor that any effort had been made to procure the presence of the person who made the entries.

*H. L. Whittlesey*, for the plaintiff.

*E. K. Hall*, for the defendant.

MORTON, J.   The evidence to which the plaintiff excepted was admitted, as the exceptions state, solely for the purpose of contradicting Michael Healey, who was foreman of the gang in which the plaintiff worked, and who had testified how much the plaintiff was absent for several days following the accident.   The time book from which the witness Child was allowed to testify was turned in to him by Michael Healey, and showed " the time worked by the employees in his gang during ·December, 1897, and up to October, 1898."   Whether the entries were actually made by Michael Healey or not was immaterial.   His act in turning the book in as the record of the time worked by the men in his gang amounted to a representation that they had worked the time therein set down, and as such evidence of the entries was admissible to contradict him.   See *Brigham* v. *Clark*, 100 Mass. 430 ; *Handy* v. *Canning*, 166 Mass. 107.

*Exceptions overruled.*