THE STATE v. VIRGIL HARRIS, Appellant.—64 S. W. (2d) 256.

Division Two, October 28, 1933.

*O. J. Page* for appellant.

40

*Roy McKittrick,* Attorney-General, *Frank W. Hayes,* Assistant Attorney-General, for respondent.

TIPTON, J.—The appellant was charged, under Section 4061, Revised Statutes 1929, with the crime of robbery in the first degree by means of a dangerous and deadly weapon. The trial was begun on the 3rd day of June, 1932, in the Circuit Court of Greene County, Missouri, and resulted in a verdict of guilty and a sentence of fifty years' imprisonment in the State penitentiary. Appellant duly appealed this case to this court.

The Bank of Republic was a corporation engaged in the general banking business in the Town of Republic, Missouri. On March 7, 1932, this bank was robbed by three robbers entering the bank and the fourth staying in an automobile parked in an alley in the back of the bank. The appellant was identified by Miss Brittain, an employee and an agent in the bank, and by several customers who were in the bank during the robbery. The defense was an alibi. Appellant testified that he was not in Republic, Missouri, on the 7th day of March, but was in Cedar Rapids, Iowa, on that day and several days prior thereto. He was corroborated by seven witnesses.

I. The appellant assigns as error the refusal of the trial court to admit certain documentary evidence, which tended to support his defense of an alibi. The appellant offered the testimony of Benjamin Heck by deposition and was permitted by the trial court to read a part of the deposition which in substance told the jury that Heck was a resident of Cedar Rapids, Iowa; that he was engaged in the business of operating a radio repair shop in that city; that he became acquainted with the appellant in January of 1932, when he repaired the appellant's radio; that on March 6, 1932, the witness brought appellant's radio to his shop for repairs, but did no work on it until the next day, that is March 7, 1932, the day of the robbery; that on that day the appellant was in his radio shop twice and that he also talked to him over the telephone once; that the appellant in person paid him that day for the repairing of the radio including the work that he had done for appellant in January of that year; and that he gave appellant a receipt for the amount paid, which receipt was dated March 7, 1932.

The appellant offered in evidence the receipt which was marked "Exhibit C," and the carbon copy of it which was marked "Exhibit D." The appellant, also, offered in evidence Exhibit A, which was the page of the book account between the witness Heck and the appellant. An offer was made showing that the book account was kept in the regular course of business. Exhibit B was a carbon copy of Exhibit A. (There is no contention on the part of the State

that the book account was not kept in the regular course of business or that it was not properly identified.)

In State v. Wagner, 311 Mo. 391, 279 S. W. 23, l. c. 27, the defendant was charged with the theft of an automobile. It was the State's contention that the engine number, the body number and the generator number had been changed. The State offered in evidence certain book accounts tending to prove its theory of the case. These accounts were shown to be kept in the ordinary course of the business by the Cadillac Motor Company. In an opinion by BLAIR, J., we said:

"Said exhibits appear to be fair and regular on their faces, and were properly and sufficiently identified as having been made and kept in the regular and orderly course of business, and made at the time of the filling of the order, and were admissible in evidence. [Anchor Milling Co. v. Walsh, 108 Mo. 277, l. c. 285, 18 S. W. 904, 32 Am. St. Rep. 600; Robinson v. Smith, 111 Mo. 205, l. c. 207, 20 S. W. 29, 33 Am. St. Rep. 510; Lyons v. Corder, 253 Mo. 539, l. c. 548, 162 S. W. 606; Dameron v. Harris, 281 Mo. 247, l. c. 265, 219 S. W. 954.] Such is the rule, even where such records are offered in his own behalf by a party to the suit. For a still stronger reason such records should be regarded as legal and competent evidence when kept and produced by a wholly disinterested person."

In Leech v. State (Tex.), 189 S. W. 733, the defendant was convicted of riding upon a railroad pass issued to a person other than the defendant. His defense was an alibi. He offered in evidence the Sunday School book showing the absence and presence of members of the Sunday School class, which tended to corroborate him in his defense of an alibi. The trial court excluded it and the Court of Criminal Appeals of Texas held that it was competent to substantiate his defense of an alibi.

In James v. State (Ark.), 188 S. W. 806, the defendant was convicted of carnal knowledge of a female under the age of sixteen years, but there was sharp conflict in the evidence as to her age. The Supreme Court of Arkansas held that the books produced by the physician, who had attended her mother at the time of the girl's birth, in which the physician testified that he made an entry immediately after her birth, that such book account was properly admitted in evidence. This was an entry showing a charge made against the father of the child for professional services.

In Steffen v. Southwestern Bell Telephone Company, 331 Mo. 574, 56 S. W. (2d) 47, l. c. 49, in an opinion by FITZSIMMONS, C., the plaintiff brought suit for damages against the defendant. The plaintiff testified that she had been unable to work with any regularity subsequent to her alleged injury and we held that the time book of her employer was admissible for the purpose of showing the time the plaintiff was absent from work.

Since the case of Anchor Milling Co. v. Walsh, 108 Mo. 277, 18 S. W. 904, we have repeatedly ruled that book accounts kept in the regular course of business are admissible where the book accounts are properly identified. [Robinson v. Smith, 111 Mo. 205, 20 S. W. 29; Lyons v. Corder, 253 Mo. 539, 162 S. W. 606; Dameron v. Harris, 281 Mo. 247, 219 S. W. 954; and State v. Wagner, supra.]

On the theory in which this case was tried it was very important to show where the appellant was on March 7, 1932, and any evidence getting at the truth of this fact is relevant. [32 C. J. 65.]

The State does not contend that these exhibits are not relevant, but it does contend that the exhibits would have been only cumulative; that they were offered as an attempt to corroborate the witness; and that they were purely self-serving and, therefore, not admissible.

The appellant offered eight witnesses including himself who tended to establish his defense of an alibi. All of these witnesses gave oral testimony tending to establish the presence of the appellant in Cedar Rapids, Iowa, on the day of the bank robbery.

"Cumulative evidence is additional evidence of the same kind tending to prove the same point as other evidence already given. Evidence of other and different circumstances tending to establish or disprove the same fact is not cumulative, nor is evidence of facts tending to prove circumstantially the existence of a fact cumulative to evidence which tends to establish the same fact directly." [23 C. J. 10.]

There was no other evidence offered of the same kind as these exhibits and they tended to prove circumstantially that the appellant was in Cedar Rapids, Iowa, on March 7, 1932. Under the above definition these exhibits were not cumulative and should not have been excluded for that reason.

■■ ■■ But even if the exhibits were purely cumulative, that is not of itself any reason why these exhibits should not have been admitted. It is within the sound judicial discretion of the trial court as to where cumulative testimony shall stop. In criminal cases and especially capital cases this discretion should be cautiously exercised upon issues that are directly involved, especially where the cumulative testimony is more definite and of a circumstantial character that tends to prove or disprove the fact in dispute than was shown by the other testimony. [Hall v. State (Ark.), 40 S. W. 578.]

In the case of Pinckord v. State, 13 Tex. App. 468, the Texas Court of Appeals said:

"That evidence is cumulative where the object sought is to prove an *alibi* is no reason for its exclusion; on the contrary, the greater the number of witnesses to the facts establishing it, the stronger ordinarily would be reliance upon and conviction of its truth."

The Supreme Court of Montana, in the case of State v. Trueman (Mont.), 85 Pac. 1024, said:

"The witness Roddy, for the state, testified at great length with reference to circumstances preceding and attending the homicide; that McCabe came up to where witness and Trueman were standing, came up behind Trueman and struck him over the shoulder with an axe handle. On cross-examination he was asked to state whether or not he saw McCabe carrying that axe handle around during that day. This was objected to by counsel for the state as not proper cross-examination, and the objection was sustained. This was also error. It was not only proper cross-examination, but tended directly to sustain the defendant's contention that McCabe sought the encounter and had prepared himself for it. There is no dispute in the evidence that McCabe not only had the axe handle, but had a loaded revolver in his coat pocket, at the time he was killed. The testimony also tends to show that he had purchased this axe handle during the forenoon, some considerable time before the homicide. The mere fact that the evidence sought to be elicited by the question was in a sense cumulative does not cure the error. The jury might not have believed the other witnesses and might have believed the witness Roddy.''

In the case of Moore v. People (Colo.), 57 Pac. 857, l. c. 858, the Supreme Court of Colorado said:

"In support of the second proposition, it is claimed that the court erred in excluding the testimony of Mr. Webb as to the fact that he had employed plaintiff in error to work for him, and that they were going to leave on the morning of the homicide, and which was offered as corroborative of the testimony of Moore that he went to the saloon that morning for the purpose of meeting Webb. The action of the court in excluding this testimony is sought to be justified upon the ground that it was merely cumulative upon an undisputed fact that was not material to the case. While it is true that the testimony of the plaintiff in error as to his motive in going to the saloon at that time was not contradicted, and the testimony offered was cumulative upon that point, this constitutes no sufficient reason for excluding it. We know of no rule that prohibits a person on trial for a criminal offense from introducing cumulative testimony upon any fact material to the case, within reasonable limits; and it is manifest that this ought not to be done when such testimony is sought to be introduced to corroborate his own statement, which, by reason of his interest in the result of the trial, may be, and often is, looked upon by the jury with some degree of suspicion. This testimony was material, in that it tended to corroborate the statement of plaintiff in error that he went to the saloon for a legitimate purpose, and not, as might have been inferred, to seek trouble with the deceased. It should have been admitted. However, we do not think its exclusion constitutes reversible error, since the elements of malice, premeditation, and deliberation which it would have tended

to negative were eliminated by the verdict, and the defendant consequently suffered no prejudice by reason of its rejection.''

Even though this evidence was cumulative to a certain extent, yet the circumstantial character of it rather than the oral testimony of the witnesses tended to more definitely prove the presence of the appellant in Cedar Rapids, Iowa, on the day of the robbery. The vital issue in this case was whether the appellant was in Cedar Rapids, Iowa, or in Republic, Missouri, on March 7, 1932, and therefore these exhibits should have been admitted rather than excluded on the ground that they were cumulative.

Nor do we believe that these exhibits should have been excluded because they tended to corroborate the defense witnesses. We know of no rule of law that excludes evidence merely because it tends to corroborate other witnesses on a vital issue in the case. In Steffen v. Southwestern Bell Telephone Co., supra, in an opinion by FITZSIMMONS, C., we said:

''It may be added that books of account are frequently admitted for the purpose of corroborating or impeaching a witness's testimony, although not supported by proof of a character to render them admissible as substantive evidence for the purpose of proving items of account or other contents. [22 C. J. 892; Healey v. Wellesley & Boston Street Ry. Co., 176 Mass. 440, 57 N. E. 703.] In the latter case a time book of the sewer department of the city of Newton was admitted in evidence to contradict the testimony of a witness that the plaintiff had not worked regularly after he received the injury for which he sued the defendant street railway. That is precisely the case here. Plaintiff's testimony that she was off frequently while she worked at Kresge's was contradicted, not only by the evidence of the records produced by Mrs. Brady, but by the testimony of the store manager and at least one other sales girl.''

Nor do we believe the State to be correct in contending that these exhibits were self-serving. It was shown that the book entry and receipts were made at the time of the transaction, that they were made by a third party and there was no showing that he had any interest in the result of this trial. Self-serving evidence is not excluded because it might not contribute to the ascertainment of the truth, but because if received in evidence the statements would most commonly consist of falsehood and fabrication and would more often mislead than enlighten the jury. [16 C. J. 336.] In this case the exhibits were made by a third party and as above stated there was no showing that he had any interest in the outcome of this litigation or that there was any reason that he might have for falsifying these exhibits.

We believe that Exhibit A, the original book account, showing the transaction between this witness and the appellant was admissible. Exhibit C, the original receipt given simultaneously with the last

entry in the book account, should have been admitted in connection with witness Heck's testimony. Both exhibits tended to show that the appellant was not in Republic, Missouri, on the day of the robbery of the bank there, but rather that he was in Cedar Rapids, Iowa.

II. Complaint is also made of the cross-examination of the appellant. We will not discuss this alleged assignment of error because upon retrial this assignment of error will probably not recur.

For the failure of the trial court to admit in evidence Exhibits A and C, the judgment is reversed and the cause remanded for a new trial. It is so ordered. *Ellison, P. J.,* and *Leedy, J.,* concur.