**TEXAS AND PACIFIC RAILWAY COMPANY, Appellant,**

v.

**L. H. GRIFFITH, Jr., Appellee.**

No. 17385.

United States Court of Appeals
Fifth Circuit.

April 3, 1959.

---

4. Cf. Investment Registry v. Chicago & M. Electric R. Co., 7 Cir., 251 F. 510.

**490**

L. P. Bickel, D. L. Case, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for appellant.

Denning Schattman, Spurlock, Schattman & Jacobs, Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The appellant attacks the adequacy and fairness of the trial judge's charges to the jury in a personal injury suit brought under the Federal Safety Appliance Act [1] and the Federal Employers' Liability Act.[2]

L. H. Griffith was a brakeman for the Texas and Pacific Railway Company. At 2:30 A.M., March 5, 1954, he was riding a boxcar in a switching operation. His job that night was to ride a particular

---

1. 45 U.S.C.A. § 11.

2. 45 U.S.C.A. § 51.

car, loaded with automobile parts, into Track A3 of the Mineola, Texas, yards, then bring it to a stop by using its hand brake at a point eight to ten lengths in the clear in the lead track. This car was to serve as a back stop. Other cars, also loaded with automobile parts, would then be placed in the same track clear of the lead.

Griffith mounted to the brake platform and took up the slack in the brake chain. The brake seemed to be functioning properly. Griffith's car was kicked (pushed) along the lead track down A3. The night was cold and dark. There were no lights where Griffith and the crew were working. Griffith says that as he travelled down the A3 track he tried to tighten the brake; it would tighten a little, then slip. Griffith testified that he tried two or three times to tighten the brake, but it would not hold the car. Alarmed, he stepped around to the side ladder to get off. Just as he did, a cut of six cars, heavily loaded with automobile parts, was kicked in on top of him. They crashed into the car he was riding, hurling him to the ground.

Griffith sued: (1) under the Federal Safety Appliance Act on the theory that the Texas and Pacific violated the statute in failing to equip the car with an efficient brake; (2) under FELA on the theory that the railroad company was negligent in allowing six boxcars to kick into his car without a warning.

Texas and Pacific denied that it failed to equip the car with an efficient hand brake; denied any negligence on its part, charged Griffith with contributory negligence; and, asserted the defense of unavoidable accident. At the trial the railroad introduced the testimony of five employees who inspected the brake at different intervals after the accident. They found it to be in good working order. The railroad also introduced evidence, in support of its defense of contributory negligence, that Griffith did not keep a proper lookout and failed to dismount from the car as soon as he should have dismounted.

The case was submitted to the jury on both theories of recovery. The jury found for Griffith and assessed damages at $40,000. Appellant now contends on appeal that the trial court erred: (1) in charging "it does not matter that the brake worked efficiently both before and after" the accident; (2) in failing to submit adequately and fairly the defense of contributory negligence; (3) in failing to submit adequately and fairly the defense of unavoidable accident. We affirm.

### I.

A. Section 11 of the Safety Appliance Act provides that all "cars must be equipped with * * * efficient hand brakes". Once a violation is established, the only remaining question is whether the violation caused the accident.

The trial judge gave the jury lengthy instructions. He charged, in part:

"The inefficiency of the brake may be established by showing some particular defect or the inefficiency may be established by evidence showing a failure to function when operated in the normal, natural and usual manner. *It does not matter that the brake worked efficiently both before and after the occasion in question, the test is the performance of the brake at the time in question* and the duty imposed on the carrier is an absolute one and the carrier is not excused by any showing of care, however assiduous. * * * If you find from a perponderance of the evidence that there was a defective hand brake on the car which the Plaintiff sought to use in checking the speed of the car and that such hand brake failed to operate and that such failure was the direct and proximate cause of the Plaintiff's inquiry, you may find for the Plaintiff." (R. 441.)

Appellant contends that it does matter, matter very seriously, whether the brake worked before and after the accident. Such evidence, appellant urges,

bears on the efficiency or inefficiency of the brake. Since the plaintiff makes out a prima facie case with his own testimony (as to the brake not working at the time of the accident), the only way the defendant can rebut the plaintiff's testimony is to show the condition of the appliance before and after the accident. This makes "an issue of fact for the jury to determine, that is, whether or not the hand brake was efficient". Davison v. Monessen Southwestern Ry. Co., D.C. 1956, 144 F.Supp. 599, 600. Appellant cites Hayes v. Kansas City Southern Ry. Co., Mo.1953, 260 S.W.2d 491 (hand brake case); Louisville & N. R. Co. v. Camp, 1952, 258 Ala. 202, 61 So.2d 448 (hand brake case); Harsh v. Illinois Terminal R. Co., 1953, 351 Ill.App. 272, 114 N.E.2d 901, certiorari granted 348 U.S. 809, 75 S.Ct. 35, 99 L.Ed. 638, reversed 348 U.S. 940, 75 S.Ct. 362, 99 L.Ed. 736 (boiler inspection case); Didinger v. Pennsylvania R. Co., 6 Cir., 1930, 39 F.2d 798 (hand brake case).

B. (1) The instructions, taken as a whole, seem to us to mean that if there is a failure of the brakes to perform properly at the time of the accident, owing to an unexplainable malfunction as distinguished from a known or explainable particular defective condition, then it is immaterial that the brakes performed properly at another time. The Court stated that a railroad is not an insurer and that the defendant was liable only if a violation of the Act was the proximate cause. The Court defined an efficient hand brake (one not in violation of the Act) as "one when used in the normal and usual manner is adequate to produce the desired result". This language is taken directly from Spotts v. Baltimore & Ohio Ry. Co., 7 Cir., 1938, 102 F.2d 160, 162, certiorari denied 307 U.S. 641, 59 S.Ct. 1039, 83 L.Ed. 1522. In the Spotts case, the plaintiff was injured when the brake fell over while he was operating it, causing him to fall with it. After the accident inspectors tested the brake and found no defects in the mechanism. No repairs were made to it and

the brake continued in service. The Court held:

"Where a jury finds that there is a violation, it will be sustained, if there is proof that the mechanism failed to work efficiently and properly *even though it worked efficiently both before and after the occasion in question. The test in fact is the performance of the appliance.*"

The language of the trial judge in the instant case is close to the language of the Supreme Court in several cases. Thus, in Carter v. Atlanta & St. Andrews Bay Ry. Co., 1949, 338 U.S. 430, 433, 70 S.Ct. 226, 229, 94 L.Ed. 236 the Supreme Court held:

"This Court has repeatedly attempted to make clear that this is an absolute duty not based upon negligence, and that the absence of a 'defect' cannot aid the railroad if the coupler was properly set and failed to couple on the occasion in question. See O'Donnell v. Elgin, Joliet & Eastern Ry. Co., 1949, 338 U.S. 384, 390, 70 S.Ct. 200, 204, 94 L.Ed. 187, and cases cited. *The fact that the coupler functioned properly on other occasions is immaterial.*"

Again, in Affolder v. New York, C. & St. L. R. Co., 1949, 339 U.S. 96, 98, 70 S.Ct. 509, 510, 94 L.Ed. 683, the court said:

"Nor do we think that any question regarding the normal efficiency of the coupler is involved in an action under the Safety Appliance Act. As we stated in O'Donnell v. Elgin, Joliet & Eastern Ry. Co., 1949, 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed. 187, and the Carter case, supra, the duty under the Acts is not based on the negligence of the carrier but is an absolute one requiring *performance 'on the occasion in question.'*"

(2) The object of the trial judge was to make clear first, that recovery under the Federal Liability Act involved negligence, but that "under the Safety Appliance Law the only question was whether the brake was defective". In the Carter

case, the Affolder case, Myers v. Reading Co., 1946, 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615, and O'Donnell v. Elgin, J. & E. Ry. Co., 1949, 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed. 187, rehearing denied 338 U.S. 945, 70 S.Ct. 427, 94 L.Ed. 583, the Supreme Court in effect imposed on the trial judge the duty of instructing the jury that the failure of equipment to function is in itself actionable wrong, for the proximate result of which there is liability. Under these cases the test is the performance of the appliance at the time of the accident.

■ The evidence as to the condition before and after the accident is material in enabling the jury to decide whether the plaintiff's testimony as to the brake slipping was credible. The evidence is immaterial, under the Safety Appliance Act, once the injured employee has shown non-compliance on the part of the railroad, that is, failure to furnish an efficient, functioning brake.[3]

■■ We feel that the language used in the Spotts case expresses the law precisely: When a jury finds that there is a violation, such violation is in itself actionable "if there is proof that the mechanism failed to work efficiently and properly [at the time of the accident], even though it worked efficiently both before and after the occasion in question. The test in fact is the performance of the appliance." Nevertheless, considering the charge as a whole in this case and especially the language of the United States Supreme Court on materiality, it can not be said that the trial judge's instruction constituted reversible error. As a matter of fact, it seems to us, that a good deal of the thrust of the appellant's argument strikes at the sufficiency of the evidence more than at the sufficiency of the charge.

### II.

The defendant requested in writing that the court submit to the jury Special Issue Number 1 reading as follows:

"If you have found under the Court's charge that the hand brake on the car in question was an efficient hand brake and have also found under such charge that the defendant was negligent, and have likewise found that the plaintiff was negligent, but that such negligence was not the sole proximate cause of his injuries, if any, but was a proximate cause, then answer the following interrogatory: What per cent do you find from a preponderance of the evidence does the negligence of the plaintiff bear to the entire negligence of both the plaintiff and defendant, its agents, servants and employees? Answer by stating the percentage, Answer."

The court refused this request. Instead, the court charged the jury as follows:

"You are instructed that in the event you have found under an earlier portion of this charge that the hand brake on the car in question was not a defective hand brake, then you may consider whether the plaintiff was negligent in not getting off the car in question sooner than he did and that such negligence was a proximate cause of the injury, if any, received by him, then you will answer the question submitted to you as to the percentage that such negligence bore to the entire causal negligence of the plaintiff."

Appellant makes the point that the court failed to give the jury "the question submitted to you" as he stated he would and therefore it was impossible for the jury to comply with this instruction.

■■ Rule 49(b) of the Federal Rules of Civil Procedure, 18 U.S.C.A., makes provision for the submission of a special interrogatory "upon one or more issues of fact the decision of which is necessary to a [general] verdict". This rule is permissive, not mandatory. Home Ins. Co. of New York v. Tydal Co., 5 Cir., 1945, 152 F.2d 309, rehearing denied 5

---

3. We do not regard Texas & New Orleans R. Co. v. Underhill, 5 Cir., 1956, 234 F.2d 620, as controlling.

Cir., 157 F.2d 851. It is not error to refuse to submit a requested special issue if the court's charge "correctly advised the jury of the true issues entrusted to its decision". Mead v. Cochran, 7 Cir., 1950, 184 F.2d 579, 582.

■ On the defense of contributory negligence, the trial court quoted from the comparative negligence section of the Act, 45 U.S.C.A. § 53.[4] Then, virtually tracking the terms of the section, he instructed the jury:

> "If you find and believe from the evidence that plaintiff was also negligent and that such negligence was not the sole proximate cause of the alleged accident, but that the plaintiff's negligence was a partial cause, a contributing cause of such acci- ·dent, then the negligence of the plaintiff concurring with the negligence of the defendant to produce the alleged accident and the plaintiff's alleged injuries, if any, then the damage will be diminished by you in proportion to the amount of negligence attributable to the plaintiff."

The special interrogatory submitted by appellant may be a correct statement of law, but the court is not required to give a requested instruction even if it is a correct statement of law. Here, the court instructed the jury fully on the law and in substance gave the very instruction requested. It seems to us that the court's instructions are phrased sufficiently in the form of the question submitted by the appellant so that the jury could have related the negligence of the plaintiff to the entire negligence of both the plaintiff and the defendant—if the jury had in fact found that the plaintiff was guilty of contributory negligence.

## III.

■■ On the defense of unavoidable accident, the court instructed the jury:

> "In law we recognize what is termed as unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by the negligence of either party. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for the injuries resulting from it."

In another part of the charge, the judge said:

> "In the alternative, defendant would show that the instance complained of by plaintiff was the result of an unavoidable accident."

Again, Texas and Pacific complains that its theory of the case was not fairly submitted. It seems to us that the trial judge took pains to cover all of the points raised by the defense. We agree with the railroad that as against a mere general or abstract charge a party is entitled to a specific instruction on his theory of the case, if there is evidence to support it and if a proper request for the instruction is made. Chicago & N. W. Ry. Co. v. Green, 8 Cir., 1947, 164 F.2d 55. This, however, is not a case where, as in Green, the trial judge completely excluded the defendant's theory of the accident. On the contrary, the jury was specifically informed of defenses that the railroad raised in the case, and was given good, workable definitions as a guide.

The judgment is

Affirmed.

---

4. 45 U.S.C.A. § 53 provides in part: "In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee * * *."