Coffee v. State.

THOMAS B. COFFEE v. THE STATE.

CRIMINAL LAW. *Unlawful weapons. Self defense.* The courts cannot,
merely upon the ground that the defendant was acting in self
defense, sanction the use of an unlawful weapon in an unlaw-
ful manner, nor will this Court revise the action of the trial
judge in inflicting punishment left by law to his discretion,
except in a case of gross abuse of that discretion.

FROM SHELBY.

Appeal in error from the Criminal Court of
Shelby County. L. B. HORRIGAN, J.

L. E. WRIGHT for Coffee.

Attorney-General LEA for The State.

COOPER, J., delivered the opinion of the Court.

The plaintiff in error was indicted and convicted
for carrying a pistol, other than an army or navy
pistol, concealed about his person, in the streets
of Memphis.   The Court sentenced him to con-
finement in the county workhouse for sixty days
and fined him fifty dollars.

The defendant appealed in error.

The bill of exceptions shows that the defendant
was found on the street with a pistol concealed
about his person, as charged, and that the pistol

was not such as is used in the army or navy of the United States. It further appears that the defendant is a peaceable man, not in the habit of unlawfully carrying weapons; that his life had been threatened within the previous hour by a dangerous and violent man, who was in the wrong, and that the defendant sent for the pistol and armed himself for the purpose of self defense.

Upon these facts, an earnest and able argument has [been made on] behalf of the defendant, that the judgment should be reversed and a *nolle prosequi* entered. But it is too clear for argument that the Courts cannot, merely upon the ground that the party was acting in self defense, sanction the use of an unlawful weapon in an unlawful manner, the intent to use it being clearly shown: *Day* v. *State*, 5 Sneed 496.

The law prescribes the mode in which the person of the citizen may be protected. And if a party chooses to rely upon his rights of self defense, he must take care, at his peril, to use a lawful weapon in a lawful manner.

It is true the facts disclosed may greatly extenuate the offense and justify the trial Judge in remitting the discretionary part of the punishment. This Court cannot, however, supervise the discretion except in a plain case of abuse. The action of the Court below may be influenced not merely by the circumstances of the particular case, but by the necessity of suppressing the commission of that class of offences in the community.

Phœnix Ins. Co. *v.* Day.

As the facts appear on paper, there are circum-stances iu this case which do extenuate the guilt of the defendant. They have doubtless been duly weighed by his Honor, the trial Judge, and may be again when the cause is remanded.

'Affirm the judgment.