THE STATE V. VIRGIL HARRIS, Appellant.—87 S. W. (2d) 1026.

Division Two, November 5, 1935.

*O. J. Page* for appellant.

*Roy McKittrick*, Attorney General, and *W. W. Barnes*, Assistant Attorney General, for respondent.

COOLEY, C.—By information filed in the Circuit Court of Greene County defendant was charged with robbery in the first degree committed by means of a deadly weapon, to-wit, a pistol. Upon trial he was convicted and his punishment was assessed by the jury at ten years' imprisonment in the penitentiary. The court, applying the provisions of Section 4428, Revised Statutes 1929 (Mo. Stat. Ann., p. 3043), sentenced him to twelve years' imprisonment—"Ten years assessed by jury and two years additional as levied by the judge." Defendant has appealed.

The State's evidence tends to prove that the Bank of Republic, in the town of Republic, Greene County, was robbed by four men on March 7, 1932. Three of the robbers entered the bank and, with drawn pistols which they exhibited and threatened to use, compelled the employees in the bank to deliver to them $1280 in money, a $50 Liberty bond and some travelers' checks. The fact of the robbery and that it was committed by means of deadly weapons is not disputed. Defendant was identified at the trial by several witnesses as one of the three men who had entered the bank and actively participated in the robbery.

The defense was an alibi. Defendant did not himself take the witness stand but introduced the testimony of several witnesses tending to show that he was not in Republic, Missouri, on the day of the robbery but was in Cedar Rapids, Iowa, that day and on every day from about December 31, 1931, to about March 24, 1932. In rebuttal a witness for the State testified that he recognized defendant as a man he had seen in Republic, but outside the bank, on the day of the robbery an hour or so before that occurrence. Three witnesses for the State testified in rebuttal that they saw and conversed with defendant on February 26th, eight or nine days before the robbery, at a point three or four miles from Republic and that he was inquiring about certain roads.

This appeal is from the second trial of this cause. On his first trial defendant was convicted, sentenced to fifty years' imprisonment, and on his appeal, the judgment was reversed and the cause was remanded by this court because the trial court had excluded certain

evidence offered by the defendant which we held should have been admitted. [See State v. Harris, 334 Mo. 38, 64 S. W. (2d) 256.] On the second trial that evidence was admitted. Otherwise the State's evidence in chief and the defendant's alibi evidence in the two trials was similar. For further details as to the facts reference is made to State v. Harris, supra.

I. Appellant contends that the testimony of the three rebuttal witnesses—Manes, Sanders and Robertson—who testified to having seen and talked with him in Greene County a few miles from Republic on February 26th, was incompetent and that its admission was reversible error. He had objected to its introduction at the trial and had moved to strike it out on the somewhat general ground that it was not relevant to any issue in the case and had no connection with the case.

We have mentioned that defendant, in support of his alibi, offered evidence to the effect that he was in Cedar Rapids, Iowa, not only on the day of the robbery but continuously for over two months next prior thereto; that he had not during all that time and for some two weeks after the robbery been out of Cedar Rapids. In view of that evidence we think the testimony of the three witnesses above named, showing that defendant had been in Greene County, Missouri, in the vicinity of Republic on February 26th, was competent. It is needless to consider whether or not it would have been competent otherwise.

II. When the State closed its rebuttal testimony defendant called one Jerry Strausser who testified that in February and March, 1932, he was assistant foreman in the feed department of the Penick & Ford Starch Works at Cedar Rapids, Iowa, and that defendant worked there under him from February 25 to March 3 or 4, 1932. He was then asked if defendant was on the pay roll. The court sustained the State's objection based on the ground that the pay roll of the company would be the best evidence, the witness having stated that the pay roll was in existence in the company's "plant." Defendant made no offer of proof. In his brief here he complains of the court's refusal to permit Strausser to testify that between the dates mentioned defendant was on the company's pay roll. This complaint cannot be considered because not preserved in or presented by defendant's motion for new trial. The only allegation in that motion relative to the exclusion of evidence is, "Because the court erred in excluding relevant, competent and material evidence offered on the part of the defendant." Such general and indefinite assignment in the motion for new trial is insufficient under the statute and presents nothing for review. [State v. Bunch, 333 Mo. 20, 62 S. W. (2d) 439.]

III. Appellant contends that the court should have granted his request for a directed verdict in his favor. This contention proceeds upon the theory that the rebuttal testimony of Manes, Sanders and Robertson should have been excluded and that without such testimony in the case his alibi evidence was so strong and convincing as to be conclusive. We have held that the testimony of said three witnesses is properly in the case. Furthermore the jurors were the triers of the facts and it was their province to determine the credibility of the witnesses. Defendant was identified by several witnesses as one of the participants in the robbery. Another unimpeached witness testified to seeing him in Republic on the day of the robbery. On the question of identification the evidence is more positive and clear than was the case in State v. Blackmore, 327 Mo. 708, 38 S. W. (2d) 32, wherein we reviewed authorities and held the evidence sufficient to make the question one for the jury. On the question of alibi, while defendant did produce strong evidence by some eight or ten witnesses to the effect that he was in Cedar Rapids, Iowa, on the day of the robbery and could not have been at Republic, Missouri, the evidence as a whole on that question is less strong and persuasive, we think, than in State v. Scobee, 331 Mo. 217, 53 S. W. (2d) 245, where a similar contention was made. In that case—a robbery case—the evidence in support of the defendants' alibi was reviewed and this court, while conceding that said evidence was impressive, affirmed the conviction. As said in that case it is the familiar rule that in criminal cases this court will not and cannot pass on the weight of the evidence even though it might appear the preponderance was with the defendant. In the case before us there can be no doubt that the State produced substantial evidence of defendant's presence at and participation in the robbery. The court properly refused to direct a verdict of not guilty.

IV. A more troublesome question is whether or not the court had authority to assess two years' imprisonment in addition to the ten years assessed by the jury.

The information, omitting formal parts, charges that defendant "did then and there willfully, unlawfully and feloniously make an assault in and upon one W. P. Anderson, the agent in charge of the Bank of Republic, a corporation, by means and by use of a dangerous and deadly weapon, to-wit, a revolving pistol, and $1248.00, good and lawful money of the United States, of the value of $1248.00, and $670.00 in American Express Travelers checks, of the value of $670.00, and one $50.00 Fourth Liberty Loan Bond, of the value of $50.00; all of the total value of $1968.00, and the personal property of the Bank of Republic, a corporation, and in the possession of W. P. Anderson, from the person and in the presence and against the will of the said W. P. Anderson, then and there by means of and

by the use of the dangerous and deadly weapon, to-wit, a revolving pistol, and by putting the said W. P. Anderson in fear of some immediate injury to his person, feloniously did rob, steal, take and carry away. Contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

The verdict reads:

"We, the jury, find the defendant, Virgil Harris, guilty of Robbery in the First Degree by means of a dangerous and deadly weapon, and assess his punishment at imprisonment in the State Penitentiary for a term of 10 years."

The court, as we have stated, sentenced defendant to twelve years' imprisonment, the judgment stating specifically that the two years' imprisonment in excess of the ten years assessed by the jury was assessed—"levied" as the judgment states—by the judge. The question therefore is presented by the record proper, since the information, verdict and judgment are parts of such record. It is our statutory duty to examine such record and to consider error appearing upon the face thereof, whether it be assigned by the appellant as error or not. [Sec. 3760, R. S. 1929, Mo. Stat. Ann., p. 3298; State v. Lettrell (Mo.), 39 S. W. (2d) 556.] We held in State v. Schmitz, 46 S. W. (2d) 539, that the record proper is for review by this court even though the error there appearing, if any, is not complained of in the motion for new trial. In the instant case the question under consideration could not have been raised by the motion for new trial because such motion was filed, as it had to be under the statute, and was overruled, before judgment and the question did not arise until judgment was pronounced.

The information invokes the punishment prescribed by Section 4061, Revised Statutes 1929 (Mo. Stat. Ann., p. 2863), which provides that "Every person convicted of robbery in the first degree by means of a dangerous and deadly weapon shall suffer death, or be punished by imprisonment in the penitentiary for not less than ten years, and every person convicted of robbery in the first degree by any other means shall be punished by imprisonment in the penitentiary for not less than five years."

The information, in clear and appropriate language, charges robbery in the first degree by means of a dangerous and deadly weapon. The verdict is responsive to that charge and assesses a punishment within the limits prescribed by said Section 4061. The court had no authority to increase the punishment thus assessed unless it is conferred by Section 4428, Revised Statutes 1929 (Mo. Stat. Ann., p. 3043), which reads:

"If any person shall be convicted of committing a felony, or attempting to commit a felony, while armed with a pistol or any deadly weapon the punishment elsewhere prescribed for said offense in the statutes and laws of the State of Missouri for the felony of which

he is convicted shall be increased by the trial judge by imprisonment in the state penitentiary for two years. Upon a second conviction for a felony so committed such period of imprisonment shall be increased by ten years; and upon a third conviction for a felony so committed such period of imprisonment shall be increased by fifteen years. Upon a fourth or subsequent conviction for a felony so committed the person so convicted shall be imprisoned for life.''

Sections 4428 and 4061 were enacted at the same session of the Legislature in 1927, Laws 1927, pages 173, 174. Section 4428 was a new law. Section 4061 repealed the former statute, Section 3310, Revised Statutes 1919, which prescribed the punishment for robbery in the first degree, regardless of how committed, at imprisonment in the penitentiary for not less than five years, and substituted therefor the present provision, to bear the same section number, 3310. · The two enactments were carried into the 1929 revision of the statutes as Sections 4428 and 4061 respectively. The legislative steps culminating in the passage of said Section 4428 were completed a few days prior to the completion of the passage of Section 4061. Section 4428 was approved by the Governor April 6, 1927, and Section 4061 April 8, 1927. Neither had an emergency clause and both therefore took effect at the same time, ninety days after adjournment of the Legislature. The act approved April 6, 1927, Section 1 of which now appears as Section 4428, supra, contained a second section repealing ''all acts and parts of acts inconsistent with this act.'' It could not of course have been the intention of the Legislature thereby to *repeal* Section 4061 which was not then in existence. If either act is to be treated as later than the other, Section 4061 would be the later act.

Assuming for the purpose of this case that Section 4428 is a valid enactment we have, then, two legislative acts passed at the same session of the Legislature, taking effect at the same time and relating to the same general subject. They should be construed together and if possible harmonized so as to give effect to each. [Gasconade County v. Gordon, 241 Mo. 569, 581, 145 S. W. 1160.] If, however, the statutes are necessarily inconsistent that which deals with the common subject matter in a minute and particular way will prevail over one of a more general nature. [Gasconade County v. Gordon, supra.] The rule is thus stated in State ex rel. County of Buchanan v. Fulks, 296 Mo. 614, 626, 247 S. W. 129, 132, quoting from 36 Cyc. 1151:

''Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general

statute. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; and where the general act is later, the special will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication.''

See, also, announcing the same rule, State ex inf. Atty. Gen. v. Dabbs, 182 Mo. 359, 81 S. W. 1148; Gilkeson v. Mo. Pac. Ry. Co., 222 Mo. 173, 204, 121 S. W. 138; State ex rel. Am. Central Ins. Co. v. Gehner, 315 Mo. 1126, 1132, 280 S. W. 416, 418.

It appears to us that, as applied or attempted to be applied to robbery in the first degree, committed by means of a dangerous and deadly weapon, Sections 4428 and 4061 are inconsistent with and repugnant to each other. By Section 4428 a person convicted of committing a felony *while armed* with a deadly weapon shall be punished (for the first such conviction) by two years' imprisonment in addition to. the punishment he would suffer if not so armed. It is pointed out in State v. Taylor, 323 Mo. 15, 22, 18 S. W. (2d) 474, 476, that said section does not require that the offender shall have used such weapon in the commission of the offense, but merely that the offense was committed while he was so armed. A person might commit a felony while armed with a deadly weapon without using the weapon in the commission thereof or committing it ''by means'' thereof. But he could scarcely commit a felony *by means* of a deadly weapon unless at the time he was armed therewith. The commission of a felony *by means* of a deadly weapon therefore *includes* the commission thereof while the offender *was armed* with such weapon.

Now, by Section 4428 the Legislature said that if a person commits a felony while armed with a deadly weapon (whether or not he uses the weapon in the commission of the felony), he shall suffer the two years' additional punishment. Section 4061 says in effect that, in the case of robbery in the first degree, if the offender is not only thus armed but also uses such weapon in the commission of the crime he shall suffer at least *five* years' imprisonment in addition to the punishment that might be inflicted for the same crime committed ''by any other means,'' and the maximum punishment may be death.

Section 4428 is general in its terms, applying to ·the commission. or attempt to commit *any* felony while armed with a deadly weapon. Conceding that, standing alone, its language is broad enough to include robbery in, the first degree, yet it seems clear to us that by Section 4061 the Legislature has itself, as to robbery in the first degree, specifically decreed the additional punishment that shall be assessed when the offender is *armed with and uses* such weapon in the commission of the crime, and that said specific enactment indicates a legislative intent to except the particular offense committed in the manner specified from the operation of the general provisions of Section 4428. Otherwise we would have a somewhat anomalous situation. If a person

commits robbery in the first degree "by means of a dangerous and deadly weapon," therefore necessarily "while armed" with such weapon, he must, under the express mandate of Section 4061, be given at least five years' imprisonment in addition to the punishment that might be assessed were the crime committed by other means. If we attempt also to apply the provisions of Section 4428 then he must be given another two years' imprisonment in addition to the mandatory extra five years to be assessed under Section 4061 because of the fact that he was *armed* with a deadly weapon, a fact *included in* and a constituent element of the act for which the extra penalty provided by Section 4061 is imposed.

It may be observed, further, that the information herein does not allege facts bringing the case within the purview of Section 4428 or invoking the additional penalty therein prescribed unless the fact of being armed with a deadly weapon is included in the charge of the commission of the offense by means of such weapon. The information is clearly based upon Section 4061. But we shall not elaborate that proposition because we think, as stated above, that the commission of the offense by means of a dangerous and deadly weapon connotes that the offender was at the time armed with such weapon.

It is our conclusion that the specific provision of Section 4061 as to the punishment for robbery in the first degree committed by means of a dangerous and deadly weapon must be regarded as an exception to, or qualification of, the general provisions of Section 4428, and that where, as in this case, the information charges and the jury finds that the offense was so committed the court or judge thereof is not authorized to increase the punishment assessed by the jury by assessing the additional imprisonment prescribed by Section 4428. Defendant should have been sentenced to ten years' imprisonment in accordance with the verdict.

We are not unmindful that in the recent case of State v. Moore (Mo.), 80 S. W. (2d) 128, we affirmed a sentence of twelve years in a case of robbery in the first degree committed by means of a dangerous and deadly weapon, wherein the jury had assessed the punishment at ten years and the court had added two years under the provisions of Section 4428. However, in that case the appellant had urged specifically as his only objection to the court's action that the verdict was special and did not include all the elements of the crime charged. This court contented itself with answering that objection, holding that the verdict was a general one. Though Section 4428 is referred to in the opinion as authorizing the additional punishment the question of whether or not that section and Section 4061 can both be applied when the defendant is charged and convicted of robbery in the first degree by means of a dangerous and deadly weapon, bringing the case within the provisions of Section 4061, was not discussed and evidently was not considered by the court.

The conclusion we have reached does not necessitate a remanding of the case. Defendant appears to have had a fair trial, the verdict is supported by substantial evidence and except for the infliction of the additional two years' imprisonment by the court in its judgment we find no prejudicial error in the record. But for that error we would simply affirm the judgment. Such error, however, being only as to the time of imprisonment, is one that can and should be corrected here by sentencing the defendant for the correct length of time, as we are commanded to do by Section 3765, Revised Statutes 1929 (Mo. Stat. Ann., p. 3304). [State v. James, 194 Mo. 268, 92 S. W. 679, 5 Ann. Cas. 1007; State v. Hamilton, 263 Mo. 294, 172 S. W. 593; State v. Austin (Mo.), 29 S. W. (2d) 686; State v. Starkey (Mo.), 26 S. W. (2d) 956.]

It is therefore ordered and adjudged by the court that the defendant, Virgil Harris, be confined in the penitentiary of this State for a term of ten years, and that the sheriff of Greene County, Missouri, or other officer having such prisoner legally in charge, shall with all convenient speed convey said defendant to the State penitentiary of the State of Missouri and deliver him to the warden thereof, there to be imprisoned for the period of ten years, or until he be otherwise discharged by due course of law.

It is further ordered that the clerk of this court forthwith furnish the warden of the State penitentiary a certified copy of this order and judgment. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:— The foregoing opinion by Cooley, C., is adopted as the opinion of the court. All the judges concur.