STATE of Missouri, Respondent,

v.

Jimmy CARTER, Appellant.

No. 54207.

Supreme Court of Missouri, Division No. 1.

July 14, 1969.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Dalton, Treasure & Bullard, and Tom B. Mobley, Kennett, for appellant.

HOUSER, Commissioner.

Appeal from a judgment and sentence of 7 years' imprisonment on a charge of armed robbery.

On April 25, 1966 appellant Jimmy Carter pleaded guilty to a charge of armed robbery and was sentenced to 10 years' imprisonment. Carter was imprisoned under this 10-year sentence from April 25, 1966 to March 8, 1968. On November 14, 1967 Carter filed a motion under Criminal Rule 27.26, V.A.M.R. to vacate that sentence. The motion was sustained and Carter's plea of guilty was withdrawn. On Friday the 13th of September, 1968 the same charge, under an amended information, was submitted to a jury, which found Carter guilty of armed robbery by means of a dangerous and deadly weapon, to wit, a pistol and his punishment was fixed at 5 years' imprisonment. After granting allocution and sentencing Carter to 5 years' imprisonment pursuant to the jury's verdict the circuit judge imposed an additional term of 2 years under § 556.140, RSMo 1959, V.A.M.S., which provides that "If any person shall be convicted of committing a felony * * * while armed with a pistol or any deadly weapon the punishment elsewhere prescribed for said offense * * * shall be increased by the trial judge by imprisonment in the state penitentiary for two years." Carter moved the circuit court to give him credit on the 7-year sentence for the time served under the 10-year sentence. The trial court denied the request. Carter appealed from the judgment and sentence.

On this appeal Carter concedes that the trial was free of error, but he urges that the court erred in denying his motion for credit, and erred in assessing an additional term of two years under § 556.140.

The State questions our jurisdiction to hear this appeal in view of the fact that Carter waived his right to appeal, contending that these points are prematurely raised; that Carter must first present them in a proceeding under Criminal Rule 27.26 to be filed in the court which imposed the sentence. A constitutional question is involved; the case is here; the issue is clear; the point is viable and the question should be decided without further delay and without unnecessary obeisance to procedural ritual. In State v. Phason, Mo.Sup., 406 S.W.2d 671, this court granted a special order allowing an appeal out of time *nine months* after defendant had withdrawn his motion for new trial and expressly waived his right to appeal. We decided that case on the merits of the points raised in his brief. We exercised jurisdiction and in retrospect we think properly so. We hold to our jurisdiction in this case.

The first question is whether an accused who has served part of an improperly imposed sentence which is later set aside and vacated has a constitutional right to the allowance of credit for the time served, on a later sentence properly imposed for the same crime.

The State contends that the allowance or nonallowance of credit is a matter resting within the sound judicial discretion of the judge under § 546.615, subd. 1(2), RSMo 1959, and State v. Thompson, Mo.Sup., 414 S.W.2d 261, and that no abuse of discretion is demonstrated in this case.

This precise question was settled on June 23, 1969 by the Supreme Court of the United States in its opinion in Simpson, Warden v. Rice, October Term, 1968, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, which is binding upon this Court. There it was held that the Fifth Amendment guarantee against double jeopardy affords constitutional protection against multiple punishments for the same offense, and that in computing the sentence imposed after conviction upon retrial, credit must be given for time served under the original sentence.

On the second question the state concedes that the court erred in assessing the additional term, in this armed robbery case, under the authority of State v. Harris, 337 Mo. 1052, 87 S.W.2d 1026; State v. Short, 337 Mo. 1061, 87 S.W.2d 1031, and State v. Melton, Mo.Sup., 92 S.W.2d 107.

It is the duty of this court in this situation to sentence the defendant to the proper place of confinement and for the correct length of time. § 547.280, RSMo 1959; State v. Harris, 337 Mo. 1052, 87 S.W.2d 1026, 1030 [8].

It is therefore ordered and adjudged by the court that the 7-year sentence heretofore imposed on the defendant, Jimmy Carter, be set aside and vacated and that the said Jimmy Carter be confined in the custody of the Department of Corrections of the State of Missouri in an institution or institutions designated by said department in accordance with law for a period of 5 years from and after September 13, 1968, or until he be otherwise discharged by due course of law. It is further ordered that the said defendant Jimmy Carter shall be allowed credit on this sentence for the time he served under the 10-year sentence for the same crime, to wit, from April 25, 1966 to March 8, 1968, and that he be allowed further credit on this sentence for the time he served under the 7-year sentence for the same crime, which sentence was imposed on September 13, 1968. It is further ordered that the clerk of the Court forthwith furnish the Director of the Department of Corrections, in whose custody the said defendant is at this time, a certified copy of this order and judgment.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER, P. J., STORCKMAN, J., and HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting when cause was submitted.