Henry COLE, Jr., Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Jan. 6, 1976.

Certiorari Denied by Supreme Court June 1, 1976.

Walker, Gwinn, Asst. Public Defender, Memphis, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., W. Fred Axley, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

DUNCAN, Judge.

The defendant, Henry Cole, Jr., was convicted of assault with intent to commit robbery by the use of a deadly weapon and received a penitentiary sentence of not less than 8 years nor more than 20 years. (T.C.A. § 39–607). He was also convicted of employing a firearm in the commission of a felony, for which offense he received a penitentiary sentence of not less than 1 year nor more than 3 years. (T.C.A. § 39–4914). Additionally, he was convicted of carrying a pistol with the intent to go armed and was sentenced to the workhouse for 11 months and 29 days and a $50.00 fine. (T.C.A. § 39–4901). The sentences were ordered to be served consecutively.

In his assignments of error, the defendant questions the sufficiency of the evidence and additionally complains that the court erred in allowing all three convictions to stand, contending that this was one criminal episode and that essentially the same evidence was necessary to convict for each crime. This latter complaint was not expressly set out in the motion for a new trial, but is implicit in the assignments on the evidence; therefore, we shall consider it along with the assignments on the evidence.

The State's proof showed that on May 4, 1974, Officer J. D. Mattox of the

Memphis Police Department Vice Squad, was walking on the sidewalk of a downtown Memphis street, dressed in plain clothes. The defendant, accompanied by four other persons, drove up in an automobile, stopped and called the officer over to the car. The defendant held a pistol on Officer Mattox and said to him, "Give me your money." The officer pulled his own pistol, at which time the defendant told the driver of the car to "step on the gas." As the defendant was attempting to flee, the officer shot out one of the tires. The car stopped and the occupants got out of the vehicle. As the defendant was getting out of the car, he reached back into the automobile toward the floorboard. After a struggle, the defendant was taken into custody. The pistol was found on the floorboard of the car and the officer identified it as the one which the defendant used in this attempted robbery. Another officer, Sgt. M. K. Crawford, was working with Officer Mattox on this particular night and was in a police cruiser nearby. He saw the car pull up to Officer Mattox, saw it surge forward and heard a shot. Arriving immediately on the scene, he aided in the apprehension of the defendant. He saw what appeared to be a pistol on the floorboard of the car and as the defendant reached in that direction, the officer hit him with his service revolver. Sgt. Crawford recovered the loaded pistol from the car.

The defendant testified and denied that he pulled a gun on the officer and denied any attempt to rob him. He testified that the officer motioned for the car to stop; that the officer came over to the car; and that the officer pulled out a pistol and put it in his face. The defendant denied he ever had a pistol in his hand. The defendant was supported in his testimony by two of the passengers in the vehicle.

The jury accredited the testimony of the State's witnesses and from our summary of the proof above, we are of the opinion that the evidence is sufficient to support the verdicts. The evidence does not preponderate against the verdicts and in favor of the defendant's innocence. *Gulley v. State*, 219 Tenn. 114, 407 S.W.2d 186 (1966).

While we hold that the evidence is sufficient to support the defendant's conviction as to each of these offenses, we must go further and decide whether all of these convictions can stand. We view this question as the main issue to be decided in this case.

■ As we view it, the offense of an assault with intent to commit robbery by means of a deadly weapon and the offense of carrying a pistol for the purpose of going armed are distinct and separate offenses, and a conviction for one would not necessarily bar a conviction for the other. From the proof in this case, the offense of carrying a pistol for the purpose of going armed was completed before it was ever used in the attempted robbery. The gun was loaded, and obviously had to be carried by the defendant in the automobile to the scene of this difficulty.

In *Grindstaff v. State*, 172 Tenn. 77, 81, 110 S.W.2d 309, 310 (1937), our Supreme Court upheld the defendant's conviction for carrying a pistol, even though he had previously been tried and convicted of involuntary manslaughter growing out of the killing in which the pistol had been used. The court said:

> "Defendant, under the indictment charging him with the murder of Love Wilson, could not have been convicted of the offense of carrying a pistol. The unlawful carrying of dangerous weapons (Code, § 11007) [now T.C.A. § 39–4901] is an offense of a different nature from any of the degrees of offense for which conviction may be had under an indictment charging murder, and is not one necessarily included in such charge. Defendant's conviction for the killing of Love Wilson did not bar a prosecution for carrying the pistol with which the killing was done."

Again, in *Taylor v. State*, 520 S.W.2d 370 (Tenn.Cr.App.1974), the defendant was found guilty of carrying a pistol even though he had been acquitted of murder in the use of such pistol. The court said:

"By the defendant's testimony he carried the pistol that day to protect himself, that is, to go armed. It is no defense that a defendant has armed himself solely for the purpose of self-defense. *Coffee v. State*, 72 Tenn. 245."

By the express terms of the statute in question (T.C.A. § 39–4901), the offense proscribed is carrying a pistol or revolver or other specified weapon *with intent to go armed*. That is the gravamen of the offense. Without the intent or purpose of being or going armed, the offense described in this statute cannot be committed. *Liming v. State*, 220 Tenn. 371, 417 S.W.2d 769 (1967). It is necessary in such cases for the State to prove the accused's intent and purpose in carrying the weapon was to be and go armed, because the mere act of doing so may be lawful and does not establish criminal intent and does not create a presumption of guilt and does not deprive him of his presumption of innocence. *Liming v. State*, supra.

However, the necessary intent to support a conviction for carrying a weapon with the intent to go armed may be proved by the circumstances surrounding the carrying of the weapon. As the court stated in *Hill v. State*, 201 Tenn. 299, 298 S.W.2d 799 (1957), "We gather the purpose of going armed from the facts of each particular case."

Based on the facts and circumstances in the present case, the jury was well warranted in finding that the defendant was carrying the pistol with the intent to go armed. The fact that the defendant decided to use the pistol in this attempted robbery cannot serve as a means to a defense in this case.

Next, we are of the opinion that in this case the offense of employing a firearm in the commission of a felony merged with the offense of assault with intent to commit robbery by means of a deadly weapon.

The punishment fixed by the legislature for an assault with intent to commit a robbery is imprisonment for not less than three years nor more than fifteen years. If the offense was accomplished by means of a deadly weapon, the punishment is enhanced to imprisonment for not less than five years nor more than twenty-one years. (T.C.A. § 39–607). Here, our legislature has acted in a special way by providing an enhanced punishment for one who is guilty of armed assault with intent to rob. Our legislature has specially treated other offenses, such as armed robbery (T.C.A. § 39–3901), and burglary while in the possession of a firearm (T.C.A. §§ 39–901, 39–903, 39–904), in a similar manner.

T.C.A. § 39–4914 provides, in part, that one who "employs any firearm of any character as a means of committing or escaping from a felony is guilty of a felony," and that section further provides that an offender shall receive enhanced punishment over and above the punishment meted out for the felony committed. Under this statute, it is clear that our legislature has acted in a general way in providing additional punishment for one who uses one type of deadly weapon, to-wit: a firearm, in the commission of felonies in general.

Thus, we can readily see that there is an inconsistency in the two statutes, and under our law when this situation presents itself, that statute which deals with the subject matter in a minute and particular way will prevail over one of a more general nature. *Board of Park Commissioners v. Nashville*, 134 Tenn. 612, 630, 185 S.W. 694, 698 (1915). In that case, Chief Justice Neil, writing for the court, said:

"Where there is a general provision applicable to a multitude of subjects, and also a provision which is particular and applicable to one of these subjects, and inconsistent with the general provisions, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception, and the general provision will be construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision."

This principle of law has been repeatedly applied by our Supreme Court. *State v.*

*Safley,* 172 Tenn. 385, 112 S.W.2d 831 (1938); *Woodroof v. City of Nashville,* 183 Tenn. 483, 192 S.W.2d 1013 (1946); *Koella v. State,* 218 Tenn. 629, 405 S.W.2d 184 (1966).

As noted in *State v. Safley,* supra, the reason and philosophy of the rule is that where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to affect the more particular provision.

In reviewing similar statutes in other jurisdictions and case holdings relating thereto, we find that a general pattern seems to be developing that enhanced punishment for the use of a weapon in the commission of a felony is not allowed in those cases where the use of such weapon is an element of the basic offense.

Section 12022 of the California Penal Code provides for an additional period of imprisonment upon conviction of a felony while armed with a deadly weapon. In *People v. Floyd,* 71 Cal.2d 879, 80 Cal.Rptr. 22, 457 P.2d 862 (1969), the California Supreme Court held that this section did not apply where a deadly weapon is an essential element of the basic crime.

After the *Floyd* decision, the California Legislature enacted a statute which provided for an additional period of imprisonment upon conviction for the commission or attempted commission of certain specifically enumerated felonies—robbery, assault with a deadly weapon, murder, rape, burglary, or kidnapping—where a firearm had been used in its commission or attempted commission. This statute has a specific clause which provides, "This section shall apply even in those cases where the use of a weapon is an element of the offense." California Penal Code § 12022.5.

Therefore, by reason of this later statute, California now has held that punishment may be imposed for using a firearm in the commission of any one of the six enumerated felonies—armed robbery being one of them—in addition to the punishment given for the basic offense. *People v. Belcher,* 11

Cal.3d 91, 113 Cal.Rptr. 1, 520 P.2d 385 (1974).

Tennessee's statute on this subject, T.C.A. § 39–4914, has no language comparable to the new California statute which applies the increased punishment even in those cases where the use of a weapon is an element of the offense. Thus, our situation in Tennessee is similar to that which confronted the California court at the time of *People v. Floyd,* supra.

Missouri has a statute more comparable to the Tennessee statute, i. e., it does not enumerate certain felonies as California has now done. Section 556.140 of Vernon's Annotated Missouri Statutes provides, in part, as follows:

"If any person shall be convicted of committing a felony, or attempting to commit a felony, while armed with a pistol or any deadly weapon the punishment elsewhere prescribed for said offense in the statutes and laws of the state of Missouri for the felony of which he is convicted shall be increased by the trial judge by imprisonment in the state penitentiary for two years."

The Supreme Court of Missouri has held that the enhanced punishment provisions of the above section cannot be applied in a case where the basic offense was robbery by the means of a deadly weapon. *State v. Harris,* 337 Mo. 1052, 87 S.W.2d 1026 (1935); *State v. Carter,* 443 S.W.2d 176 (Mo.1969).

We would note that in *State v. Harris,* supra, the Missouri court reached its conclusion by reasoning that the special statute providing an enhanced penalty for armed robbery controlled over the general statute providing for an enhanced penalty for one committing a felony while armed with a pistol or any deadly weapon. We have previously set forth the Tennessee law, documented by several Tennessee cases, to the same effect.

Section 26–9908a of the Georgia Code Annotated provides, in part:

"Any person who shall have on his person a firearm or a knife having a blade of three or more inches in length during the

commission of, or the attempt to commit, any crime against or involving the person of another, the unlawful entry into a building or vehicle or a theft from a building or theft of a vehicle and which crime is a felony shall be guilty of a felony and, upon conviction thereof, shall be punished by confinement and labor in the penitentiary for a period of not less than one nor more than five years. . . ."

The Supreme Court of Georgia, in *Roberts v. State*, 228 Ga. 298, 185 S.E.2d 385 (1971), held that the punishment provided by the above statute could not be inflicted in a case where the evidence showed that the defendant was guilty of armed robbery, which robbery was committed with the same firearm as that for the possession of which the defendant was also tried. In this case, the court said:

"As to the separate crime of possession of a firearm during the commission of, or attempt to commit a crime, this also may or may not be included in the greater crime. In the case sub judice where the evidence disclosed that the crime of armed robbery was committed with the same firearm as that for the possession of which the defendant was tried, the lesser crime, possessing the firearm, was included in the greater crime of armed robbery."

■ Obviously, the legislative purpose in the enactment of the two Tennessee statutes, which we now have under consideration, was to prevent the kind and character of violence which often attends the use of a deadly weapon in the perpetration of a crime.

In *Burgin v. State*, 217 Tenn. 682, 687, 400 S.W.2d 539, 541 (1956), the Supreme Court, in discussing the legislative purpose in enacting the enhanced penalty provisions of the robbery statute for the commission of a robbery by the use of a deadly weapon, said:

"This purpose was to prevent the kind and character of violence which often attends the use of a deadly weapon in the perpetration of a robbery. It is just this sort of violence which is found in the present case."

The same rationale would apply to both of the statutes with which we are now concerning ourselves.

■ T.C.A. § 39–607 already has provided enhanced punishment for one who commits an assault with intent to commit robbery by means of a deadly weapon. We do not think it was the intent of the legislature, by the enactment of T.C.A. § 39–4914, to provide enhanced punishment for those offenses where provisions for enhanced punishment had already been provided. To adopt a contrary view, we would be faced with an illogical situation, in that we would be adding enhanced punishment to an offense, which already carried enhanced punishment.

For the reasons stated, we hold that the offense of employing a firearm in the commission of a felony merged into the offense of assault with intent to commit robbery by means of a deadly weapon; accordingly, we reverse and vacate the defendant's conviction for that offense. We affirm his convictions for an assault with intent to commit robbery by means of a deadly weapon and carrying a pistol with the intent to go armed.

WALKER, P. J., and RUSSELL, J., concur.