FILED 187
Honorable George W. Lehr State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Lehr:
 This is in response to your request for an opinion on the following question:
 "If I were to resign as State Auditor prior to the November general election, in what manner would the office be filled for the remainder of my term?"
You have provided us with the following facts giving rise to your opinion request:
 "I intend to resign as State Auditor. The timing of my resignation will be determined by the procedure for selecting my successor."
Article IV, Section 4 of the Missouri Constitution provides as follows:
 "The governor shall fill all vacancies in public offices unless otherwise provided by law, and his appointees shall serve until their successors are duly elected or appointed and qualified."
In addition, Section 29.280, RSMo 1969, provides as follows:
 "When a vacancy occurs in the office of state auditor the governor shall immediately appoint an auditor to fill such vacancy for the residue of the term in which the vacancy occurred, and until his successor is elected or appointed, commissioned and qualified."
The term of office of the State Auditor is four years. Article IV, Section 17, Missouri Constitution. Your term commenced on January 6, 1975, and does not expire until January of 1979. According to the foregoing provisions, therefore, your successor will be appointed by the Governor to serve the remainder of your term, that is, until a new auditor is elected who would begin serving in January of 1979.
Our legal research on your question has disclosed a Missouri statute with more general language than Section 29.280, which explicitly concerns the office of State Auditor. Section 105.030, RSMo 1969, provides as follows:
 "Whenever any vacancy, caused in any manner or by any means whatsoever, occurs or exists in any state or county office originally filled by election of the people, other than in the offices of lieutenant governor, state senator or representative, or sheriff, the vacancy shall be filled by appointment by the governor; and the person appointed after duly qualifying and entering upon the discharge of his duties under the appointment shall continue in office until the first Monday in January next following the first ensuing general election, at which general election a person shall be elected to fill the unexpired portion of the term, or for the ensuing regular term, as the case may be, and the person so elected shall enter upon the discharge of the duties of the office the first Monday in January next following his election, except that when the term to be filled begins on any day other than the first Monday in January, the appointee of the governor shall be entitled to hold the office until such other date. This section shall not apply to vacancies in county offices in any county which has adopted a charter for its own government under section 18, article VI of the constitution."
Although this provision might appear to apply to all state and county elective offices other than those specifically exempted, it does not, for two sections later in Section 105.050 the General Assembly established a different procedure for filling vacancies in the offices of Attorney General and Prosecuting or Circuit Attorneys. The General Assembly also has established different procedures for filling vacancies in the offices of Secretary of State (Section 28.190, RSMo 1969), State Treasurer (Section30.070, RSMo 1969), and State Auditor, as previously noted. Each of these provisions concerns the offices of state or county elected officials who, unlike the Lieutenant Governor, legislators and sheriffs, are not specifically exempted from the provisions of Section 105.030. It therefore appears that Section 105.030 applies only when the legislature has not otherwise prescribed specific procedures for filling vacancies in specific state and county offices.
The case of State ex inf. Barrett ex rel. Oakley v. Schweitzer,258 S.W. 435 (Mo. Banc 1924), supports this conclusion. There the court had to determine when the term of an appointee for Prosecuting Attorney expired, which required construction of several statutes, including the predecessor of Section 105.030. In construing that statute the court acknowledged its comprehensive language. Despite that language, however, the court stated that Section 105.030 applies to vacancies in state and county offices" (u)nless a clear contrary provision has otherwise been made by the Legislature. . ." Id at p. 439. Section 29.280 constitutes a "clear contrary provision (which) has otherwise been made by the Legislature"; therefore, Section 29.280, not Section 105.030, determines the manner in which a vacancy in the office of State Auditor is filled.
This conclusion finds ample support in well-established rules of statutory construction. It is axiomatic that when one statute deals with a subject in general and comprehensive terms while another deals with a part of the same subject in a more minute and definite way, the two should be read together and harmonized. To the extent of any repugnancy between them, the specific statute will prevail over the general. State ex rel. Cityof Springfield v. Smith, 125 S.W.2d 883, 885 (Mo. En Banc 1939);State v. Harris, 87 S.W.2d 1026, 1029 (Mo. 1935); State v. Mangiaracina,125 S.W.2d 58, 60 (Mo. 1939).
In the case of State v. Harris, supra, the Supreme Court, quoting from State ex rel. County of Buchanan v. Fulks, 247 S.W. 129 said:
 "Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; and where the general act is later, the special will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication." Id. at p. 1029.
Section 105.030 is general in terms while Section 29.280 deals exclusively with the office of State Auditor. Therefore, Section 29.280 prevails over the provisions found in Section 105.030 because it is specific and deals with the subject of filling vacancies in a "more minute and definite way."
In State ex inf. Major v. Amick, 152 S.W. 591 (Mo. 1912), the Missouri Supreme Court addressed the same question posed by your inquiry, namely, whether a specific or a general statute determined the manner in which a vacancy should be filled. The court held that the specific statute prevailed over the general provisions found in what is now Section 105.030
discussed above. The facts in that case were as follows.
At the November, 1908, general election, Lucien Eastin was elected circuit judge for a six-year term. Approximately two years later he resigned his office, and the Governor appointed W. C. Amick to fill the vacancy. The appointment was made pursuant to Section 3896, RSMo 1909, which provided for an appointment ". . . until the next general election after such vacancy occurs, when the same shall be filled by election for the residue of the unexpired term." Amick and a Charles H. Mayer were candidates for that judgeship in the general election of November, 1912. Mayer received a majority of votes, and he was commissioned by the Governor and took the oath of office on November 30, 1912.
Amick, the appointee-incumbent, contended that the election was a nullity and insisted that he was entitled to remain in office until January of 1915 when the six-year term would expire. The Attorney General, at the relation of Mayer, filed an ouster suit in the Missouri Supreme Court challenging Amick's authority to remain in office. Two issues were presented: 1) whether the election required by statute was the next general election (November, 1912) or the next general election when that circuit judgeship would normally be on the ballot (November, 1914); and 2) if the statute required an election in November of 1912, did Amick's term as appointee expire immediately after the election or in January of the following year?
The court held that the statute required an election in November of 1912. As to the date when the appointee's term expired, the Attorney General argued that Section 3896 authorized the appointee to serve only until the election. Amick contended that his appointment did not expire until January following the election, because Section 5828 (now Section105.030) applied and provided that the appointee ". . . continue in office until the first Monday in January next following the first ensuing election." The question before the court, therefore, was whether the specific provisions of Section 3896 or the general provisions of Section 5828 prescribed the length of an appointee's term.
The court held that the specific statute governed and constituted an exception to the general provisions of Section 105.030. In reaching this conclusion, the court acknowledged its duty to read both statutes together and to harmonize them so that both could be given full effect. To illustrate this principle, the court in its opinion combined the two statutes by setting forth Section 105.030 and adding to it the specific provision of Section 3896 introduced by the words "Provided that . . . ." By doing this, the court observed, all seeming conflicts were harmonized. The court then held as follows:
 "It is perfectly clear from reading the two sections that the provisions of section 3896 apply specially to vacancies in the office of judge of courts of record and the manner of filling them, and that those of section 5828 are general in its provisions and are sufficiently broad, if standing alone, to embrace vacancies in the office of the judge of courts of records; and, if the former is not to be construed to be an exception to the latter, then there would be a clear conflict between them; but, since both sections were enacted at the same time and stand in pari materia, we must interpret them together, according to the rule before mentioned, and when so done the legislative intent is clear, and we must hold that section 3896 is an additional exception to those stated in section 5828." Id. at p. 597. (Emphasis added).
Applying the reasoning of the court in Amick to the present situation, the only construction that harmonizes and gives effect to both Section 105.030 and Section 29.280 is that the latter constitutes an "additional exception" to the former. A holding that the general language of Section 105.030 governs the present situation would render meaningless the statute specifically enacted by the General Assembly to prescribe the manner in which a vacancy in the office of State Auditor is to be filled. Although Section 105.030 and Section 29.280 in their present form were not enacted at the same time, nonetheless they are in pari materia for they concern the same subject, i.e., the manner in which vacancies in state offices are to be filled. Accordingly they are to be "`construed together as though they constituted one act.'" Amick, supra, at p. 596, citingState ex rel. Wagner v. Patterson, 105 S.W. 1052 (Mo. 1907). See alsoState v. Harris, supra.
We conclude that your question is resolved by application of the rule that specific statutes prevail over general statutes concerning the same subject. Therefore, Section 29.280 establishes the procedure for filling a vacancy in the office of State Auditor.[1] That section requires the Governor to appoint a successor for the remainder of your term when a vacancy occurs by reason of your resignation.
CONCLUSION
Based on the foregoing authorities, it is the opinion of this office that Section 29.280 determines the manner in which a vacancy in the office of State Auditor will be filled. Pursuant to that section the Governor is required to appoint a successor to serve for the remainder of the unexpired term.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Karen M. Iverson.
Very truly yours,
 JOHN C. DANFORTH Attorney General
[1] We are aware of the fact that in November of 1960 an election was conducted to fill a vacancy in the office of United States Senator created by the death of the Honorable Thomas C. Hennings, Jr. An election in that situation was specifically required by Section 105.040, RSMo, and the Seventeenth Amendment to the United States Constitution. Both of these provisions apply exclusively to the office of United States Senator; accordingly, they have no bearing on your question.