IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## STATE OF TENNESSEE v. WILLIAM O. EWERLING

**Appeal from the Criminal Court for Davidson County**
**No. 2002-B-1164     Seth Norman, Judge**

―――――――――――――

**No. M2003-00595-CCA-R3-CD - Filed April 13, 2005**

―――――――――――――

The Appellant, William O. Ewerling, proceeding *pro se*, appeals his misdemeanor convictions by the Davidson County Criminal Court for possessing a weapon in a public park, possession of a handgun while under the influence of alcohol, and criminal trespass. On appeal, Ewerling argues the trial court erred as follows: (1) improperly admitted hearsay statements; (2) admitted non-relevant evidence; (3) permitted introduction of evidence from a witness who had no personal knowledge of the matter; (4) improperly instructed the jury; and (5) imposed excessive sentences. Additionally, Ewerling argues that the evidence was insufficient to support his convictions. After review, we conclude that issues (1), (2), (3), (4), and (5) are waived as the record is insufficient to permit a review of these issues. With regard to Ewerling's sufficiency argument, we conclude that the evidence is legally sufficient to support his convictions for possessing a weapon in a public park and possession of a handgun while under the influence. However, we conclude that the evidence is legally insufficient to support his conviction for criminal trespass. Accordingly, the convictions and sentences for possessing a weapon in a public park and possession of a handgun while under the influence are affirmed; the conviction for criminal trespass is reversed and dismissed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed in Part; Reversed in Part**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

William O. Ewerling, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

## Factual Background

At trial the Appellant chose to proceed *pro se*. No stenographic report or recording of the evidence was taken at trial. The Appellant filed the following narrative record of the evidence:[1]

Defendant William O. Ewerling was indicted by the Davidson County Grand Jury on the 28th day of June, 2002 for three misdemeanor[s] which the State alleged occurred on July 22, 2001 in Davidson County, Tennessee. Count 1 of the Indictment charged Mr. Ewerling with possessing a handgun on the grounds of a public park in violation of Tenn. Code Ann. § 39-17-1311. Count 2 of the Indictment charged Mr. Ewerling with possessing a handgun while under the influence of alcohol or an intoxicant in violation of Tenn. Code Ann. § 39-17-1321. Count 3 of the Indictment charged Mr. Ewerling with criminal trespass for allegedly entering or remaining on property belonging to the United States of America without the owner's effective consent in violation of Tenn. Code Ann. § 39-14-405.

The State's witness list was composed of three Metropolitan Nashville Police Officers and a civilian witness, David Sharber, who allegedly saw William Ewerling sitting in his vehicle which was parked in a lot at J. Percy Priest Dam during the early morning hours of July 22, 2001, loading bullets in a magazine. Mr. Sharber was not present during the jury trial. [end of page one]

STATE'S FIRST WITNESS - DIRECT EXAMINATION: The first officer testified that on July 22, 2001 at approximately 3:00 a.m. he was called by the police dispatcher and informed that a man was in the upper left parking lot of J. Percy Priest Dam with a gun. He arrived at the parking lot of J. Percy Priest Dam and saw a red van with the personalized Tennessee license plate "OK LETS". He and the two other officers surrounded the van and ordered the male white subject, later identified as William O. Ewerling, out of the van. Mr. Ewerling was found to have a firearm in a public park and was arrested for the same charge. He stated that he could smell alcohol on the breath of Mr. Ewerling. The State produced a .45 caliber semiautomatic pistol, two magazines and approximately 20 rounds of .45 caliber ammunition, which the officer testified were taken from Mr. Ewerling's van that morning and they were admitted into evidence over Mr. Ewerling's objection.

---

[1]We have included only those portions of the Rule 24, Tenn. R. App. P., statement of the evidence, which reflects the grand jury's action and an account of what transpired at trial. The personal comments of the Appellant and non-relevant matters, which should have been deleted at the trial level, are not included. *See* Tenn. R. App. P. 24(e), (f).

STATE'S FIRST WITNESS - CROSS EXAMINATION:
When Mr. Ewerling asked the officer if he was a federal employee, he stated that he was not. Objection was made by General Moore and the Court inquired of Mr. Ewerling what he was trying to prove. Mr. Ewerling replied, "jurisdiction" and the Court sustained the objection of the State.

Mr. Ewerling then presented pictures of J. Percy Priest Dam property which displayed a sign that the property was owned by the Corp of Engineers to the Court requesting permission to show them to the witness officer. The Court allowed Mr. Ewerling to show the pictures to the officer who admitted that at the time of the arrest of Mr. Ewerling there were no signs indicating the hours which the park was opened. He also admitted that the sign was later placed at the parking lot of the property. He stated that the reason that Mr. Ewerling was charged with trespassing was because he was in the lot after park hours.

Mr. Ewerling asked the officer who retrieved the firearm from his van and he stated that he didn't know. Mr. Ewerling then asked him if the van was locked and he stated that he didn't know. Mr. Ewerling then asked the officer if he (Mr. Ewerling) was drunk and the officer [end of page two] replied, "I smelled alcohol on your breath". Mr. Ewerling then asked if he (Mr. Ewerling) was arrested for public intoxication and the officer replied that he was not.

The State called two other Metro Police Officers whose testimony was basically the same. The State rested after the testimony of the other two officers.

DEFENSE'S SOLE WITNESS - WILLIAM O. EWERLING:
Mr. Ewerling took the stand as his only witness and testified that he had been out with friends the evening before his arrest dancing, shooting pool and having a few beers. Mr. Ewerling went to his home later that evening and got his belongings together for a canoe trip he had planned with a friend, Gary Honea which was scheduled for the morning of the arrest. Mr. Ewerling also packed his .45 caliber semiautomatic pistol, two magazines and ammunition which he was taking in the event of snakes at the canoe trip. Mr. Ewerling then went to McDonalds Restaurant and ordered food through the drive through and took the food and other items to the parking lot of J. Percy Priest Dam awaiting the canoe trip. Mr. Ewerling sat and ate his food and then began loading the two magazines for the pistol. Mr. Ewerling further testified that he was not drunk. Mr. Ewerling testified that he did not see any signs indicating hours open to the public in the parking lot which he entered. Mr. Ewerling further testified that there were several other cars present in the parking lot. He finally testified that no one ever told him not to enter the parking lot or asked him to leave the property.

DEFENSE WITNESS - CROSS-EXAMINATION:

General Moore asked Mr. Ewerling if the parking lot he entered was frequented by homosexuals. Mr. Ewerling objected to the question and the Court did not respond to the objection. Mr. Ewerling again admitted that he consumed some beer the evening before the arrest but that he wasn't drunk.

At the end of the proof, Mr. Ewerling asked the Court to dismiss the case and the Court denied his request. The jury later returned with a guilty verdict on all counts of the indictment.

The trial court imposed a sentence of eleven months and twenty-nine days and assessed a fine of $250.00 for possession of a weapon in a public park, a class A misdemeanor. For the conviction for possession of a handgun while under the influence, a class A misdemeanor, the trial court imposed a sentence of eleven months and twenty-nine days and assessed a $250.00 fine. For criminal trespass, a class C misdemeanor, the trial court imposed a thirty-day sentence and assessed a $50.00 fine. All of the sentences were ordered to be served concurrently. The judgments of conviction indicate that the Appellant's sentences were suspended, and he was placed on probation for eleven months and twenty-nine days for the two class A misdemeanor convictions. On December 12, 2002, the Appellant filed a motion for new trial, which was denied. This appeal followed.

Following the filing of the notice of appeal, the Appellant filed the above statement of the evidence with the trial court clerk. The State filed an objection to the accuracy of the statement. Tennessee Rule of Appellate Procedure 24(e) requires that under these circumstances:

If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. . . .

The trial court clerk forwarded the trial record to this court for filing. The trial record included the Appellant's statement of the evidence, absent the approval of the trial judge, as required by Tenn. R. App. P. 24(f).[2] The State filed a motion to dismiss in this court due to an inadequate record. This court denied the State's motion and remanded the matter to the trial court to file and forward to this court a supplemental record containing a statement of the evidence as required by Tennessee Rule of Appellate Procedure 24(c) and (e). On October 12, 2004, the trial court supplemented the record by filing the following "Correction of Statement of Evidence":

---

[2] Also included in the appellate record were three trial exhibits, which were not authenticated by the trial judge.

-4-

Pursuant to Tennessee Rules of Appellate Procedure 24(c) and (e) the Court has examined the Statement of the Evidence as submitted by the attorney for the appellant[3] and makes the following corrections:

Paragraph four on page one is stricken in it's [sic] entirety because it is a statement of an opinion and was not submitted to the trial jury.

The last paragraph on page 2 of the Statement of evidence is incorrect in that the witness replied that the defendant was "under the influence" when asked if the defendant was drunk.

The Statement of Evidence is incomplete because it makes no mention of the testimony of the State's other two witnesses, Officer Osborn and Sgt. Ragains, both of whom testified that the defendant was "under the influence".

The paragraph on page 3 headed DEFENSE WITNESS-CROSS EXAMINATION is incorrect in that the defendant, acting as his own counsel, asked himself about the homosexual activity in the park where the incident occurred. This section does not reflect that the defendant testified that he did not have a handgun permit.[4]

## Analysis

### I. Waiver Due to Incomplete Record

The Appellant contends that the trial court erred by improperly admitting hearsay statements, admitting non-relevant evidence, and permitting the introduction of evidence from a witness who had no personal knowledge of the matter. The record before us is void of any proof or factual development of these alleged errors at trial. Specifically, the statement of the evidence fails to identify the witnesses who purportedly presented the inadmissible evidence, the specific nature of the alleged erroneous testimony, whether a contemporaneous objection to the testimony was entered at trial, and if objected to, the trial court's ruling on the objection. If a verbatim transcript of the evidence is not available as in this case, the Appellant is required to prepare a statement of the evidence that "convey[s] a fair, accurate, and complete account of what transpired with respect to

---

[3] The Appellant, for a brief time, was represented on appeal by Gregory D. Clayton, who is now deceased.

[4] Tenn. R. App. P. 24(e) contemplates the filing of a single record of the statement of evidence from the trial court proceedings. In this case, two records were submitted, one from the Appellant and one from the trial court, which require reconciliation. Although this court directed the trial court to forward a supplemental record containing a statement of the evidence, we nonetheless proceed to review the issues raised on appeal from the record as presented. Moreover, we must presume that those portions of the Appellant's statement of the evidence, which are not stricken or corrected by the trial court's supplement to the record, are deemed approved by the trial court. *See* Tenn. R. App. P. 24(f).

those issues which are the basis of appeal." Tenn. R. App. P. 24(c). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." *State v. Ballard*, 855 S.W.2d 560, 561 (Tenn. 1993) (*citing State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). Thus, the Appellant has waived review of these issues on appeal.

The Appellant also argues that his sentences "of one year probation" are excessive and that the trial court improperly instructed the jury. The Appellant has failed to include in the record a transcript or statement of the evidence regarding the proof at the sentencing hearing or the trial court's instructions as submitted to the jury. As such, we conclude that the Appellant has again failed to preserve these issues for appellate review pursuant to Tennessee Rule of Appellate Procedure 24(b). Moreover, when the record on appeal consists of less than all of the actions occurring in the trial court that were relevant to an issue raised by an appealing party, we must presume that the trial court's factual findings are supported by the <u>full</u> record and are, therefore, correct. *See, e.g., State v. Beech*, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987).

## II. Sufficiency of the Evidence

Finally, the Appellant contends that the evidence in this case is insufficient to support his convictions. When an Appellant challenges the sufficiency of the evidence, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 433 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given to the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

With regard to the Appellant's conviction for possessing a weapon in a public park, our criminal code provides, "it is an offense for any person to possess or carry, whether openly or concealed, with the intent to go armed, any weapon prohibited by § 39-17-1302(a), not used solely for instructional, display or sanctioned ceremonial purposes, in or in the grounds of any public park . . . owned, used or operated by any municipal, county, or state government, or instrumentality thereof, for recreational purposes." Tenn. Code Ann. § 39-17-1311(a) (2003). The Appellant contends that the State did not prove that he was in possession of "a weapon with the intent to go armed" as he was "not carrying or bearing a firearm but transporting a firearm under lock and key."[5]

---

[5]The statement of evidence does not reflect that the Appellant was "transporting a firearm under lock and key." Arguments contained in an appellate brief do not substitute for statements of evidence. *State v. Roberts*, 755 S.W.2d

(continued...)

This argument is misplaced. The Appellant was indicted for possessing a handgun on the grounds of a public park not "carrying or bearing a firearm." As evidenced by the statute, our law provides that it is a crime for "any person to <u>possess or carry</u>, whether <u>openly or concealed</u>, with the intent to go armed." *Id*. (emphasis added). The statement of evidence recites that the police were called to the public area because a man was in the parking lot with a gun. The narrative also states that "Mr. Ewerling was found to have a firearm in a public park" and that the firearm was "taken from [the Appellant's] van." The facts of an individual case and the circumstances surrounding the carrying of the weapon may establish the necessary intent. *Cole v. State*, 539 S.W.2d 46, 49 (Tenn. Crim. App. 1976) (*quoting Hill v. State*, 298 S.W.2d 799 (Tenn. 1957)). The issue of whether the Appellant possessed a weapon for the purpose of going armed, or whether he possessed the .45 caliber semiautomatic pistol with twenty rounds of ammunition to protect himself against snakes, was a question of fact for the jury to determine. Certainly the jury was not obligated to accept the Appellant's testimony on this question. Based upon the proof, we conclude that a reasonable jury could have found the Appellant guilty of possessing a weapon in a public park with the intent to go armed.

The Appellant was also convicted of possession of a handgun while under the influence of alcohol. Tennessee Code Annotated section 39-17-1321 (2003) provides "notwithstanding whether a person has a permit issued pursuant to § 39-17-1315 or § 39-17-1352, it is an offense for a person to possess a handgun while under the influence of alcohol or any controlled substance." The Appellant argues that the State "offered insufficient or no proof concerning Defendant being under the influence." This claim is without merit. The trial court's correction of the statement of evidence provides that an officer testified the Appellant was "under the influence," in addition to the Appellant's narrative, which provides that the officer could smell alcohol on the Appellant's breath. Moreover, the record establishes that the Appellant admitted that he had consumed beer the evening before his arrest. Thus, viewing the evidence in the light most favorable to the State, we conclude the officer's determination that the Appellant was "under the influence" was sufficient for a jury to find the Appellant guilty of the offense as charged.

The Appellant was convicted under count three of the indictment for criminal trespass. Our law provides that before a defendant can be convicted of criminal trespass, as indicted in this case, the State is required to prove that the defendant knowingly entered or remained on the property of another without the owner's consent. Tenn. Code Ann. § 39-14-405(a) (2003). Knowledge of a defendant's lack of consent can be inferred from notice gained through:

(1) Personal communication to the person by the owner or by someone with apparent authority to act for the owner;
(2) Fencing or other enclosure obviously designed to exclude intruders; or
(3) Posting reasonably likely to come to the attention of intruders.

---

[5](...continued)
833, 836 (Tenn. Crim. App. 1988). The issue is, thus, addressed based upon the record before us.

*Id*. The Appellant asserts that the parking lot of J. Percy Priest Dam was open to the public twenty-four hours a day. The statement of evidence does not dispute this fact. At trial the Appellant testified that, at the time of his arrest, no sign or posting indicated the hours that the parking lot was open to the public and that other vehicles were parked in the same area. Indeed, the proof reflects that the police were called to the area because another visitor at the parking lot saw the Appellant with a gun. The statement of evidence recites that an officer called by the State also testified on cross-examination that no such signs were present at the time of the Appellant's arrest but admitted a sign had since been placed in the parking lot. In order to convict, the State was required to prove that the Appellant did not have the United States of America's effective consent to enter or remain on the parking lot. This could have been achieved by posting a notice of the hours in which admittance onto the public area was prohibited. We find nothing in the record before us which would establish that the Appellant knowingly entered the parking lot with notice that his entrance was prohibited. As such, the State has failed to establish an essential element of the crime. Accordingly, the Appellant's conviction for criminal trespass is reversed and dismissed.

## CONCLUSION

For the foregoing reasons, we affirm the Appellant's convictions and sentences for the offenses of possessing a weapon in a public park and possession of a handgun while under the influence of alcohol. The Appellant's conviction for criminal trespass is reversed and dismissed.

_____
DAVID G. HAYES, JUDGE